IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:11 CV 1029 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| RICHARD M. OSBORNE, SR., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] in this case alleging violations of the federal Clean Water Act (CWA) and related state statutes is a motion for summary judgment by defendant the Naylor Family Partnership (NFP).[2] That motion has been opposed by plaintiffs, the United States (Government)[3] and the State of Ohio (State).[4] The NFP has replied to those oppositions.[5]

---

[1] ECF # 76.

[2] ECF # 31.

[3] ECF # 64 (Government's opposition to motion), # 1 (complaint).

[4] ECF # 61 (State's opposition to motion), # 2 (cross-claim). The State was initially a defendant that filed a cross-claim, but has since been realigned as a plaintiff by a non-document order of November 28, 2011.

[5] ECF # 65 (reply to Government's opposition), # 66 (reply to the State's opposition).

The NFP has further objected to an affidavit attached to the State's opposition.[6] A motion by the State to file a response is pending.[7] The NFP has already filed a reply.[8]

For the reasons that follow, I will recommend that a ruling on the NFP's motion for summary judgment be deferred pending the completion of discovery, or alternatively, that these motions be denied without prejudice to being later reasserted.[9]

## Facts

A companion report and recommendation contains a more complete discussion of the facts and allegations of this case. I will, therefore, not repeat that discussion here. For purposes of recommending a ruling on the present motions, however, I will briefly recount certain facts particularly relevant to these motions.

Essentially, the complaints allege that between 2001 and 2004 dredge and fill material from a commercial real estate development in Lake County, Ohio, were discharged into protected waters without a permit, thus violating the CWA and various state statutes.[10] The NFP was named as a defendant because it is alleged to directly own a portion of the site on which the discharge took place and to have a minority interest in a corporate entity that owns

---

[6] ECF # 67.

[7] ECF # 77.

[8] ECF # 80.

[9] If this recommendation is accepted, then the pending motion concerning an affidavit attached to the State's opposition would also be deferred or alternatively denied without prejudice.

[10] ECF # 1 at ¶¶ 39 - 49; ECF # 2 at ¶¶ 39, 50.

a portion of the site and planned the development.[11] Both the complaints principally seek civil damages for the unauthorized discharge,[12] an injunction against further unauthorized discharges, and an order that defendants completely restore the site and/or mitigate damages.[13]

In the current motion the NFP assert that the claims by the Government and the State fail as a matter of law for two reasons:

1. The State's claims for civil penalties arising from actions taken in 2001-04 are time barred;[14]

2. The NFP did not engage in, approve of, or ratify any unlawful activity.[15]

As to the second point, the NFP here submits an affidavit from Robert Naylor, assistant managing partner of the NFP, declaring that although the NFP "received periodic updates on the progress of the project" from defendant Midway,[16] the NFP did not engage in any activity complained of in either complaint.[17] The affidavit further states, as to the removal of timber from the site, that the NFP has no knowledge or information "regarding

---

[11] *See*, ECF # 1 at ¶¶ 9,10.

[12] ECF # 1 at 10 (Government seeks a civil penalty against defendants other than the NFP for each day of each violation); ECF # 31 at 22 (State complaint).

[13] ECF # 1 at 9-10; ECF # 2 at 21-22. In addition, there are demands for assessment of daily civil penalties, as well as for costs.

[14] ECF # 31 at 9-10.

[15] *Id*. at 10-11.

[16] ECF # 31, Ex. A at ¶ 10.

[17] *Id.*

the details" of such removal and that it did not itself "remove it, [or] authorize, approve or ratify" the removal.[18]

In response, the State initially acknowledges that the statute of limitations has expired on any claim for civil damages.[19] But it maintains that the Court should not grant summary judgment to the NFP in all other respects because: (1) the State also seeks remedial action, for which the NFP as a property owner would be a necessary party;[20] (2) the NFP remains liable for the discharge of pollution on property it owns, regardless of its knowledge of those activities, under the theory that it has maintained a public nuisance;[21] and (3) genuine issues of material fact remain as to what knowledge the NFP actually had concerning the activities at issue.[22]

As to the issue of the NFP's knowledge, the State argues that the Robert Naylor affidavit does not explicitly deny any knowledge of all development activity that potentially violated the water pollution laws. Rather, Naylor carefully states that the NFP did not know "details" of land clearing at the site, nor did it "approve or ratify" such actions.[23]

---

[18] *Id*. at ¶ 13.

[19] ECF # 61 at 7.

[20] *Id.* at 7-8.

[21] *Id*. at 2-3.

[22] *Id*. at 5-7.

[23] *Id.*

For its part, the Government makes arguments similar to the State. In particular, the Government notes that, because the NFP does not deny it owned a portion of the land at issue nor prove that it could not exercise control over land it owned, liability under the CWA may attach.[24] In addition, the Government, like the State, contends that even after considering the Robert Naylor affidavit, genuine issues of material fact remain as to: (a) what the NFP actually knew of the development at the site, and thus (b) its responsibility for any violations.[25]

The Government, as well as the State, further asserts that it "cannot present further facts that would indicate the [NFP's] actual knowledge of the mechanized landclearing on their property, or other facts that would indicate their control over or responsibility for those activities, because the [NFP] filed their [summary judgment motion] before making any initial disclosures and before the United States has had an opportunity to conduct discovery."[26] Thus, the Government contends, as does the State, that this Court should delay ruling on the motion for summary judgment until the Government conducts discovery as to the NFP's "actual degree of knowledge, as well as on other facts bearing upon the [NFP's] control over or responsibility for [the activities at issue]."[27]

---

[24] ECF # 64 at 3-5.

[25] *Id*. at 6.

[26] *Id.* at 7; *see also*, ECF # 61 at 3.

[27] *Id.*

As noted above, the NFP has replied to both the State[28] and the Government.[29] Essentially, the NFP argues that the Government and the State have presented no evidence, in rebuttal to the affidavit, to show that it had knowledge of any violations on the site.[30] Moreover, the NFP asserts that both the State and the Government have conducted extensive investigations over a period of years within which they could have developed any evidence of the NFP's knowledge.[31] Against that background, and recognizing that no such evidence of knowledge now exists, the NFP maintains that no further discovery is warranted and that the motion for summary judgment should be granted.[32]

## Analysis

Rule 56(d) of the Federal Rule of Civil Procedure provides that if a "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; (3) issue any other appropriate order."

While it may be true in this case: (1) that a lengthy investigation has already occurred, and (2) that the NFP believes that after its cooperation in that investigation the Government

---

[28] ECF # 66.

[29] ECF # 65.

[30] *See*, ECF # 65 at 1; ECF # 66 at 5.

[31] ECF # 65 at 2; ECF # 66 at 12.

[32] *Id*.

and the State should know by now what evidence exists – or does not exist – concerning the NFP's knowledge of activities that are alleged to violate federal and state law, it is equally true (3) that discovery has yet to take place.

In this situation, while sympathetic to the NFP's concern over the length of the process in view of their purported uninvolvement, I cannot recommend granting a dispositive motion that would remove a major landowner and partial owner of a developer from this case, prior to the plaintiffs' conducting any discovery going directly to what that party knew of the alleged violations or the extent of its control over events.

Whatever merit granting such a preemptive motion may have in other cases, I recommend finding that the Government's reasoning in the Dertke declaration[33] is persuasive. As stated there, this case was filed on May 20, 2011, and the NFP filed its motion for summary judgement barely more than two months later – prior to the exchange of initial disclosures or the conducting of discovery.[34] Thus, as was recently noted by a California district court in *Baires v. United States*,[35] when no discovery has taken place, as here, it is "fairly indisputable" that a party will be unable to adequately respond to a motion for summary judgment, and so invoking Rule 56(d) to defer ruling on a summary judgment motion is proper.[36]

---

[33] ECF # 64, Attachment.

[34] *Id.*

[35] *Baires v. United States*, 2011 WL 6140998 (N.D. Cal. Dec. 9, 2011).

[36] *Id.*, at * 5.

-7-

In addition, I am also mindful, contrary to the NFP's intimation, that even a long preliminary investigation does not necessarily produce its results in the form of admissible Rule 56 evidence that could be used in opposition to a motion for summary judgment. Experience suggests that such evidence is more likely to be developed when it is explicitly sought, such as during discovery.

## Conclusion

Thus, under the rule cited above, I recommend either deferring the adjudication of these motions until some time after completion of discovery, or, alternatively, denying the motions without prejudice to their being reasserted following completion of discovery.

Dated: December 15, 2011             s/ William H. Baughman, Jr.
                                     United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[37]

---

[37] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).