UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES,** | ) | **CASE NO.:1:11-CV-1029** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **OSBORNE, SR., et al.,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon Objections to the Magistrate Judge's Report and Recommendation filed by the Defendant, Richard M. Osborne, Sr. (ECF DKT #90) and the State of Ohio (ECF DKT #92).  The Magistrate Judge's Report and Recommendation ("Report") (ECF DKT #85) recommends granting Defendant's Motion to Dismiss, without prejudice, with respect to the portions of the Complaint that assert Osborne is personally liable as trustee of the Defendant Trust, as well as portions of the Complaint that assert Osborne is personally liable, as alter ego, for the actions taken by the corporate Defendants. ECF DKT #85 at 12, 17.  The Magistrate Judge also recommends denying the portions of Defendant's

Motion that seek dismissal of claims asserting Osborne is personally liable under the "responsible corporate officer" doctrine.  ECF DKT #85 at 14.

Defendant Osborne objects to the Report's legal conclusions applying the "responsible corporate officer" doctrine.  ECF DKT #90 at 2.  Specifically, he objects to applying the doctrine to the Clean Water Act ("CWA"), as well as the Ohio Water Pollution Control Act.  *Id.*  The State of Ohio also objects to the Report, noting the Report fails to evaluate the sufficiency of its personal liability claims against Osborne based on the theory of personal participation in unlawful conduct.  ECF DKT #92 at 1.  The Government, the State of Ohio, and Defendants Osborne each filed Oppositions to the Objections.  ECF DKT Nos. 97, 95, 98, respectively.  For the following reasons, the Court ADOPTS in part and MODIFIES in part the Magistrate Judge's Report and Recommendation.

## I.  FACTS

This case involves allegations that one or more Defendants discharged dredged or fill material from a commercial real estate development in Lake County, Ohio into waters of the United States and the State of Ohio without a prior permit in violation of the federal Clean Water Act (CWA) and related state statutes.

Specifically, the Government alleges that Osborne is:  (1) the sole trustee of a trust having an ownership interest in the development site (ECF DKT# 1 at ¶ 7); (2) a principal or president of entities having ownership interests in the site (*Id.* at ¶¶ 7-9); (3) responsible for planning some or all of the commercial development on the site (*Id.* at ¶ 7); and, together with the other Defendants, (4) "controlled the land" on which the unauthorized discharge took

place (*Id.* at ¶ 43); (5) "conducted, contracted, supervised or otherwise controlled" the discharge (*Id.* at ¶ 44); or (6) knew about the activities giving rise to the violation. (*Id.* at ¶¶ 39-41). Similarly, the State of Ohio alleges in Cross-Claims that: (1) Osborne individually caused or allowed the clearing or grubbing of over 280 acres, along with the placement of fill material in existing wetlands and other waters of the state in violation of Ohio statutes (ECF DKT #2 at ¶ 4); (2) Osborne planned the development of some or all of the site (*Id.* at ¶ 11); (3) Osborne knew or consented to the activities described above (*Id.* at ¶ 43); such that (4) as a result of these activities (a) dredged or fill material and/or wastes was placed into waters of the state without a permit, (b) thus degrading the wetlands and waters of the state. (*Id.* at ¶ 44).

On August 9, 2011, Osborne filed a Motion to Dismiss the Complaint and the Cross-Claims (ECF DKT #38) as to his personal liability under Fed. R. Civ. P. 12(b)(6), arguing (1) the general wording of the allegations fails to put any of the Defendants on notice as to the particular claims against them; (2) he was acting solely within the scope of his agency with respect to the entities with interests in the property, and thus cannot be found personally liable; and (3) Ohio law, regarding both trusts and limited liability companies, shields him from personal liability. *See Id.* at 2. Both the Government and the State of Ohio filed Memoranda in Opposition (ECF DKT Nos. 63 and 59, respectively), and Osborne filed a Reply Memorandum in Support (ECF DKT #72). On October 19, the Court referred the case to the Magistrate Judge for report and recommendation on pending motions, including the motion at bar. (ECF DKT #76). On December 15, the Magistrate Judge issued his Report and Recommendation (ECF DKT #85).

## II.  LAW AND ANALYSIS

### A. Civil Rule 72(b) Standard

Pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C), the District Court shall review de novo any finding or recommendation of the Magistrate Judge's Report and Recommendation that has been specifically objected to.  Failure to make a timely objection to any aspect of the Report and Recommendation may waive the right to appellate review of the District Court's order.  *U.S. v. Walters,* 638 F.2d 947, 950 (6th Cir. 1981).  The District Court need only review the Magistrate Judge's factual or legal conclusions that are specifically objected to by either party.  *Thomas v. Arn,* 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).  Local Rule 72.3(b) provides in pertinent part:

> The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

### B.  Civil Rule 12(b)(6) Standard

When a motion to dismiss for failure to state a claim under Rule 12(b)(6) is filed, the Complaint is assessed pursuant to Fed. R. Civ. P. 8(a)(2).  Rule 8(a)(2) requires that the Complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The pleadings requirement is no longer governed by the lower threshold of the "no-set-of-facts" standard established in *Conley* v. *Gibson,* 355 U.S. 41 (1957).  Rather, a well-pleaded complaint alleges enough facts, that, if accepted as true, "raise the right to relief above the speculative level."  *Bell Atlantic Corp.* v. *Twombly,* 550 U.S. 544, 555 (2007).  While "detailed factual allegations" are not required, the facts garnered must be sufficient to

"state a claim to relief that is plausible on its face." *Ashcroft* v. *Iqbal,* 129 S. Ct. 1937, 1949-50 (2009).  There was some initial doubt as to the scope of the plausibility standard set forth in *Twombly;* yet, the Supreme Court clarified two years later, in *Iqbal,* that the new pleading standard applied "to all civil actions." *Boroff v. Alza Corp.,* 685 F. Supp.2d 704, 707 (N.D. Ohio 2010) (quoting *Iqbal,* 129 S. Ct. at 1953).  The universal applicability of the plausibility standard was rooted in the Supreme Court's interpretation and application of Rule 8, which governs "all civil actions and proceedings in the United States district courts," as set forth in Fed. R. Civ. P. 1.  *Iqbal, 129* S. Ct. at 1953.

"In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc.* v. *Treesh,* 487 F.3d 471,476 (6th Cir. 2007).

### III.  Objections to the Magistrate Judge's Report and Recommendation

Osborne objects to the Report's legal conclusions applying the "responsible corporate officer" doctrine to the Clean Water Act, as well as the Ohio Water Pollution Control Act.  The State of Ohio objects to the Reports' failure to address the sufficiency of its claims for personal liability based on a theory of personal participation.  The Court now addresses these objections in turn.

**A.  Applicability of the "Responsible Corporate Officer" Doctrine to the CWA**

Osborne exhorts the Court to reject the Magistrate Judge's recommendation applying the "responsible corporate officer" doctrine because it relies on non-binding authority, *City of Newburgh v. Sarna,* 690 F.Supp.2d 136 (S.D. N.Y. 2010).  (ECF DKT #90 at 3).  In its stead, Osborne offers statutory analysis of the Clean Water Act that augurs against a finding of

individual liability for corporate officers.  (ECF DKT #90 at 3-5).  Furthermore, Osborne impugns the applicability of *Sarna* because it is premised on *United States v. Dotterweich,* 320 U.S. 277 (1943), which addressed liability under the Federal Food, Drug, and Cosmetic Act ("FDCA"), not the CWA.  (ECF DKT #90 at 3, 5-6.)  *Sarna* also cites *United States. v. Hodges X-Ray, Inc.,* 759 F.2d 557 (6th Cir. 1985), which Osborne argues is flawed for the same reason – it addressed the Radiation Control for Health and Safety Act of 1968 and not the CWA.  (ECF DKT #90 at 6.)  The Court finds these arguments unpersuasive.

While Osborne's observations as to the scope of *Dotterwich* and *Hodges* are correct – they did concern the "responsible corporate officer" doctrine as applied to federal laws other than the CWA – his conclusion that it is therefore inapplicable is not.  The Court finds the Sixth Circuit's observation, in *Hodges,* that the "responsible corporate officer" doctrine developed in *Dotterweich* applies to other public welfare statutes compelling.  *See Hodges* at 561.  The CWA is one such public welfare statute.  *See United States v. Kelley Technical Coatings, Inc.,* 157 F.3d 432, 439, n. 4 (6th Cir. 1998) ("[V]iolations of the CWA fit squarely within the public welfare offense doctrine.").  Furthermore, the Court is persuaded by the Magistrate Judge's observation that "every other federal district court to expressly address the issue [has found] that the responsible corporate officer doctrine applies in cases, such as this one, seeking civil remedies for CWA violations."  (ECF DKT #85 at 13) (internal quotations omitted).  *See also Stillwater of Crown Point Homeowners' Ass'n v. Kovich,* — F. Supp.2d ----, No. 2:09-CV-157-PRC, 2011 WL 4818511, at *30 (N.D. Ill. Oct. 11, 2011) (listing cases from several Circuits that have expressly found the doctrine applies to the CWA, or rejecting the argument that its application to criminal suits precludes its application in civil suits).

Therefore, the Court finds that the "responsible corporate officer" doctrine applies to the CWA.

As *Sarna* and other courts have found, pleadings are sufficient to survive a motion to dismiss when they "[give] rise to the plausible inference" that the defendant is the "unifying link" between the named corporate entities.  *Sarna,* 690 F. Supp.2d at 162-63.  The Magistrate Judge found that the pleadings in this case give rise to the plausible inference that Osborne was the unifying link between the two named corporate Defendants.  This Court agrees and ADOPTS the Magistrate Judge's Report and Recommendation; and denies Osborne's motion objecting to his personal liability under the theory that he was the responsible corporate officer of Madison/Route 20, LLC and Midway Industrial Campus Co., Ltd.

**B.  Applicability of the "Responsible Corporate Officer" Doctrine to Ohio Water Pollution Control Act.**

Osborne objects to the perceived application of the "responsible corporate officer" doctrine to Ohio environmental laws.  His perception is inaccurate.  The Magistrate Judge's Report discusses applying the doctrine only to the Clean Water Act; and specifically concludes, "[Osborne] may plausibly be a responsible corporate officer of [the named defendants] and so civilly liable for their actions that *violated the CWA."*  (ECF DKT #85 at 14) (Court's emphasis).  Applying the doctrine to Ohio environmental law would be erroneous, but it is not an error made in the Report.  Osborne's objection is unfounded.

**C. Sufficiency of the State of Ohio's Cross-Claims of individual liability against Osborne based on a theory of personal participation.**

The State of Ohio objects to the Magistrate's Judge's Report, asserting that it fails to evaluate the sufficiency of the State's Cross-Claims as to Osborne's personal liability based on his personal participation in unlawful conduct.  While the Report does not directly address this question, the Report does question the factual sufficiency of Osborne's alleged planning of the development.  The Report refers to Osborne's planning as a "bare allegation" and goes on to state that it does not "plausibly permit the inference, regardless of what Osborne may have done in planning the development, that the corporate defendants had no independent identity."  (ECF DKT #85 at 17).  Although limited to the plausibility of Osborne's personal liability under an alter ego theory, the Report begins to tease out the limitations of alleging mere planning.

Consistent with the Magistrate Judge's thinking, the Court believes it is impossible to reliably and plausibly determine the relationship between planning the development and the alleged state law violations in this case.  Planning could mean simply sketching a site plan on a napkin and handing it to an architect, or it could mean being involved in the minutiae of the project, but from the pleading it is impossible tell the scope of Osborne's participation.  Furthermore, allowing personal liability to attach from a bare allegation of "planning" would capture every corporate officer, regardless of the level of his or her participation, involved in a project where statutory violations are alleged – an outcome far outside the bounds of fairness**.**  The allegation that Osborne "planned" the development is insufficient to plausibly infer that he personally participated in the alleged violations.

-8-

It is important to note a distinction between the "responsible corporate officer" doctrine discussed above, and the personal participation theory alleged here. While responsibility and participation often go hand in hand, they are not always joined. A corporate officer may have responsibility for acts that he or she did not participate in, but had authority over. That officer might be personally liable under the "responsible corporate officer" doctrine, but would not be liable under a personal participation theory. Such may be the case here.

For these reasons, the Court MODIFIES the Magistrate Judge's Report and Recommendation, and grants Defendant Osborne's Motion without prejudice as to the State's claim for liability stemming from his personal participation.

## IV.  CONCLUSION

Defendant Osborne objects to the Magistrate Judge's Report and Recommendation on two grounds: (1) the "responsible corporate officer" doctrine was inapplicable to the Clean Water Act, and (2) the doctrine was equally inapplicable to Ohio environmental law. As to his first objection, the Court declines Osborne's invitation to depart from the conclusions of other federal courts applying this doctrine. Additionally, the Court finds Osborne's second objection is without merit.

The State of Ohio objects to the Report on grounds that it fails to address the sufficiency of the State's claims of Osborne's personal liability based on a theory of personal participation. The Court finds that alleging mere planning of the site is insufficient to give rise to a plausible inference that Osborne personally participated in the alleged violations.

Therefore, the Court ADOPTS the Magistrate Judge's Report and Recommendation granting Defendant's Motion to Dismiss, without prejudice, with respect to the portions of the Complaint that assert Osborne is personally liable as trustee of the Defendant Trust , as well as portions of the Complaint that assert Osborne is personally liable, as alter ego, for the actions taken by the corporate Defendants.  The Court also ADOPTS the Magistrate Judge's Report and Recommendation denying the portions of Defendant's Motion that seek dismissal of claims asserting Osborne is personally liable under the "responsible corporate officer" doctrine.  The Court MODIFIES the Report and grants Defendant Osborne's Motion without prejudice as to  personal liability stemming from him personally participating in planning the development.

**IT IS SO ORDERED.**

**DATE: March 29, 2012**

   S/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**