UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:11CV1029 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| RICHARD M. OSBORNE, SR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Magistrate Judge's Report and Recommendation (ECF DKT #84), recommending that the Motion (ECF DKT #35) of Defendants, Midway Industrial Campus, LTD., Madison/Route 20 LLC, and J.T.O. Inc., to Dismiss the United State's Complaint and the Motion (ECF DKT #36) of Defendants, Midway Industrial Campus, LTD., Madison/Route 20 LLC, and J.T.O., Inc., to Dismiss the State of Ohio's Cross-Claims be denied. For the following reasons, the Court ADOPTS the Magistrate Judge's Recommendation and DENIES Defendants' Motions.

**I. FACTUAL BACKGROUND**

The Complaint is based upon allegations that, from 2001 to 2004, one or more

Defendants discharged pollutants, i.e., dredged or fill material, from a commercial real estate development (Riverside Commons), in Mentor and Willoughby, Ohio, into "waters of the United States" without a prior permit from the Army Corps of Engineers, thus violating the federal Clean Water Act ("CWA"), 33 U.S.C. § 1362(7). The State of Ohio[1] alleges Defendants (1) failed to obtain a permit authorizing fill activities; (2) violated Ohio's narrative criteria for surface waters and wetlands of the state; and (3) discharged into waters of the state without authorization. Defendants are alleged to have ownership interests in the site and/or to be the entities responsible for the violation. The United States and the State of Ohio seek payment of civil penalties, injunctive relief to prevent further discharges, and restoration of the wetlands on the development site.

In their Motions to Dismiss, Defendants contend that the Complaint and Cross-Claims are insufficient to assert federal jurisdiction, and fail to adequately plead that the tributaries and wetlands described are "waters of the United States" within the meaning of the CWA, 33 U.S.C. § 1362(7). After the matter was fully briefed, the Magistrate Judge recommended denial of the motions, finding the United States and the State of Ohio pled sufficient facts to state a claim, under the Civil Rules and Supreme Court precedent, for relief under the CWA. Defendants objected, asserting "the magistrate judge impermissibly confused appropriate standards adopted by the U.S. Supreme Court addressing the jurisdictional authority of the United States over wetlands." (ECF DKT #93 at 2).

---

[1] The State was initially a defendant that filed a cross-claim, but has since been realigned as a plaintiff by a non-document order of November 28, 2011.

## II. LAW AND ANALYSIS

**Civil Rule 72(b) Standard**

Pursuant to Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1)(C), the District Court shall review de novo any finding or recommendation of the Magistrate Judge's Report and Recommendation that has been specifically objected to. Failure to make a timely objection to any aspect of the Report and Recommendation may waive the right to appellate review of the District Court's order. *U.S. v. Walters,* 638 F.2d 947, 950 (6th Cir. 1981). The District Court need only review the Magistrate Judge's factual or legal conclusions that are specifically objected to by either party. *Thomas v. Arn,* 474 U.S. 140,150 (1985).

Local Rule 72.3(b) provides in pertinent part:

> The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

**Civil Rule 12(b)(6) Standard**

When a motion to dismiss for failure to state a claim under Rule 12(b)(6) is filed, the Complaint is assessed pursuant to Fed.R.Civ.P. 8(a)(2). Rule 8(a)(2) requires that the Complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleadings requirement is no longer governed by the lower threshold of the "no-set-of-facts" standard established in *Conley* v. *Gibson,* 355 U.S. 41 (1957). Rather, a well-pleaded complaint alleges enough facts, that, if accepted as true, "raise the right to relief above the speculative level." *Bell Atlantic Corp.* v. *Twombly,* 550 U.S. 544, 555 (2007). While "detailed factual allegations" are not required, the facts garnered must be sufficient to

"state a claim to relief that is plausible on its face." *Ashcroft* v. *Iqbal,* 129 S. Ct. 1937, 1949-50 (2009). While there was initial concern about the scope of the plausibility standard set forth in *Twombly*; the Supreme Court clarified two years later, in *Iqbal,* that the new pleading standard applied "to all civil actions." *Boroff v. Alza Corp.,* 685 F. Supp.2d 704, 707 (N.D. Ohio 2010) (quoting *Iqbal,* 129 S. Ct. at 1953). The universal applicability of the plausibility standard is rooted in the Supreme Court's interpretation and application of Rule 8, which governs "all civil actions and proceedings in the United States district courts," as set forth in Fed. R. Civ. P. 1. *Iqbal, 129* S. Ct. at 1953.

"In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc.* v. *Treesh,* 487 F.3d 471,476 (6th Cir. 2007).

**Magistrate Judge's Report and Recommendation**

**United States' allegations**

The Magistrate Judge outlines the following factual allegations in the United States' Complaint at ¶¶ 29-38:

- That the location of the 280-acre site is less than 0.05 miles east of the Chagrin River and approximately 3.2 miles upstream from Lake Erie, "both of which are traditional navigable waters;"

- That 12,800 linear feet of waterways and a 170-acre wetland existed on the site prior to the unauthorized activities that are the subject of this action;

- That the tributaries at the site are relatively permanent and that they flow either directly or indirectly through other tributaries into the Chagrin River;

- That the wetland on the site had or has a continuous surface connection to one or more of the relatively permanent tributaries at the site;

- that the wetland on the site is part of a larger watershed of similarly situated waters that significantly affect the chemical, physical and biological integrity of the Chagrin River and/or Lake Erie; and

- That the 170-acre wetland on the site plays an important role in a variety of key ecosystem functions in the Chagrin River watershed and Lake Erie, such as: flood control, pollutant trapping and filtering, nutrient transport, and maintenance of the water quality that contributes to aquatic and wildlife habitat.

### CWA jurisdiction

Section 301(a) of the CWA prohibits the "discharge of any pollutant by any person" except as specifically authorized by the Act.  33 U.S.C. § 1311(a).  The Secretary of the Army, acting through the U.S. Army Corps of Engineers ("Corps"), or a State with an approved program, is empowered to issue a permit "for the discharge of dredged or fill material into the navigable waters at specified disposal sites."  33 U.S.C. § 1344(a).  Further, the CWA defines "navigable waters" to mean "the waters of the United States."  33 U.S.C. § 1362(7).  The Corps has promulgated regulations and key definitions regarding the "waters of the United States."  The definitions encompass traditional navigable waters, which include tidal waters and waters susceptible to use in interstate commerce (33 C.F.R. § 328.3(a)(1)); "tributaries" of traditional navigable waters (33 C.F.R. § 328.3(a)(5)); and wetlands that are "adjacent" to other covered waters (33 C.F.R. § 328.3(a)(7)).  "Adjacent" wetlands are such that are "bordering, contiguous, or neighboring" other jurisdictional waters and include

"[w]etlands separated from other waters of the United States by man-made dikes or barriers, natural river berms, beach dunes and the like." 33 C.F.R. § 328.3(c). The Supreme Court has upheld the exercise of CWA regulatory jurisdiction over wetlands that are adjacent to traditional navigable waters. *United States v. Riverside Bayview Homes, Inc.*, 474 U.S. 121, 134 (1985).

### *Rapanos* jurisdictional test

In *Rapanos v. United States*, 547 U.S. 715 (2006), a four-Justice plurality interpreted "waters of the United States" to include "relatively permanent, standing or continuously flowing bodies of water," that are connected to traditional navigable waters, as well as wetlands with a continuous surface connection to such water bodies. *Id.* at 739, 742. In his concurrence, Justice Kennedy interpreted the phrase as encompassing wetlands that "possess a 'significant nexus' to waters that are or were navigable in fact or that could reasonably be so made." *Id.* at 759 (Kennedy, J., concurring in the judgment). Justice Kennedy also found the Corps' assertion of regulatory jurisdiction over "wetlands adjacent to navigable-in-fact waters" is sustained by a showing of "adjacency" alone; and, moreover, the Corps' definition of adjacency is "a reasonable one." *Id.* at 775, 780. The four dissenters determined that "waters of the United States" includes all tributaries and wetlands that satisfy either the plurality's standard or Justice Kennedy's. *Id.* at 810, n.14 (Stevens, J., dissenting).

In *United States v. Cundiff*, 555 F.3d 200, 210-13 (6th Cir. 2009), the Sixth Circuit declined to choose between the *Rapanos* plurality or the Kennedy standard. Moreover, it appears that the Third, Fourth, Fifth, and Ninth Circuits have "reserved" the issue of which *Rapanos* test controls in CWA enforcement actions, leaving the district courts with little

guidance.  *See United States v. Donovan*, 661 F.3d 174, 182 n.7 (3rd Cir. 2011).

### **Magistrate Judge's recommendations**

The Magistrate Judge recommends finding that, assuming the United States' factual allegations as true, and making all reasonable inferences in favor of the Government, the allegations of the Complaint are sufficient to draw the inference that the wetlands on the site are plausibly adjacent to a navigable body of water, and that the nexus between the wetlands and waters at the site and the Chagrin River are hydrologically, chemically and ecologically significant.  Thus, the Magistrate Judge recommends finding that the Complaint sufficiently states a claim for relief under either or both *Rapanos* tests.

### **Defendants objections**

Defendants argue that the Magistrate Judge utilized an insufficient factual allegation, "merely pointing to a distance, in this case — 0.05 miles," coupled with "an inadequate understanding of the meaning of 'adjacency'" to reach the conclusion that the claims of jurisdiction under the CWA were sufficiently pled.  (ECF DKT #93 at 8).  Defendants believe the Magistrate Judge erroneously interpreted the meaning of "adjacency" in the plurality test of *Rapanos*.  That is, the Magistrate Judge's reliance on the allegation that the Riverside Commons site is 0.05 miles from the Chagrin River, "demonstrates that he conflated proximity with 'adjacency.'" Because the Riverside Commons site is <u>not actually abutting</u> the Chagrin River, and is not "bordering, contiguous or neighboring it," it does not fit the meaning of adjacency in 33 C.F.R. § 328.3(c).

### **United States' response**

The United States first points out that Defendants make an important concession.

That is, Defendants concede that, in *Rapanos*, 547 U.S. at 775, 780, the Corps' definition of adjacent wetlands was found by the Supreme Court to be a permissible and reasonable interpretation. (ECF DKT #93 at 6-7). The Corps has explained that the adjacent wetlands are defined to include those "that form the border of or are in ***reasonable proximity*** to other waters of the United States." 42 Fed. Reg. 37, 122, 37, 128 (July 19, 1977) (emphasis added). As an agency responsible for implementing the CWA, the Corps' interpretation of its regulation controls unless it is plainly erroneous or inconsistent with the regulatory text. *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994). Thus, consistent with the Corps' definitions, explanations and the regulatory text, adjacent wetlands include those reasonably proximate, "bordering, contiguous or neighboring," though not in direct contact, with other "waters of the United States. Under this analysis, adjacency is not limited to "abutting," as the Defendants would assert.

The United States pled the existence of wetlands on the site, which were within 0.05 miles, or approximately 264 feet, of the Chagrin River. Taking these factual allegations as true, and applying *Rapanos* and the regulatory definitions and explanations, the Magistrate Judge correctly concluded that the Complaint pleads jurisdiction under the CWA and plausibly gives rise to an entitlement to relief under that Act.

This Court agrees. Therefore, the Court adopts the recommendation that Defendants' Motion to Dismiss the Complaint of the United States should be denied.

**Allegations of the State of Ohio**

The State of Ohio alleges that Defendants unlawfully impacted waters of the State by failing to obtain a permit authorizing fill activities; violating Ohio's narrative criteria for

surface waters of the State and wetlands; and discharging into waters of the State without authorization. Defendants do not dispute the Magistrate Judge's determination that the State of Ohio has sufficiently pled the existence of jurisdiction under Ohio water pollution control laws. Rather, Defendants confine their objections to the United States Supreme Court standards and the interpretation of "adjacency" under the CWA.

The District Court limits its review of a magistrate judge's report and recommendation to matters specifically objected to. Fed.R.Civ.P. 72(b). Here, in the absence of any objection to the Magistrate Judge's recommendations on the claims asserted against Defendants by the State of Ohio, the Court adopts the Report without further discussion.

### III. CONCLUSION

Therefore, for the foregoing reasons, the Court ADOPTS the Magistrate Judge's Report and Recommendation (ECF DKT #84), and DENIES the Motion (ECF DKT #35) of Defendants, Midway Industrial Campus, LTD., Madison/Route 20 LLC, and J.T.O. Inc., to Dismiss the United State's Complaint and the Motion (ECF DKT #36) of Defendants, Midway Industrial Campus, LTD., Madison/Route 20 LLC, and J.T.O., Inc., to Dismiss the State of Ohio's Cross-Claims.

**IT IS SO ORDERED.**

**DATE: March 30, 2012**

                                                **S/Christopher A. Boyko**
                                                **CHRISTOPHER A. BOYKO**
                                                **United States District Judge**