# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:11CV1029 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| vs. | OPINION AND ORDER |
| RICHARD M. OSBORNE, SR., et al., | |
| Defendants. | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Magistrate Judge's Report and Recommendation (ECF DKT #86), recommending that the Motion (ECF DKT #31) of Defendant, Naylor Family Partnership ("NFP"), for Summary Judgment be deferred pending the completion of discovery, or alternatively, that the Motion be denied without prejudice to being later reasserted. For the following reasons, the Court ADOPTS the Magistrate Judge's alternative recommendation and DENIES the Motion of NFP without prejudice to being reasserted.

## I. FACTUAL BACKGROUND

The Complaint is based upon allegations that, from 2001 to 2004, one or more

Defendants discharged pollutants, i.e., dredged or fill material, from a commercial real estate development (Riverside Commons), in Mentor and Willoughby, Ohio, into "waters of the United States" without a prior permit from the Army Corps of Engineers, thus violating the federal Clean Water Act ("CWA"), 33 U.S.C. § 1362(7). The State of Ohio[1] alleges Defendants (1) failed to obtain a permit authorizing fill activities; (2) violated Ohio's narrative criteria for surface waters and wetlands of the state; and (3) discharged into waters of the state without authorization. NFP was named because it is alleged to own a portion of the site on which the discharge took place, and to have a minority interest in a corporate entity that owns a portion of the site and planned the development. The United States and the State of Ohio seek payment of civil penalties, injunctive relief to prevent further discharges, and restoration of the wetlands on the development site.

## II. ANALYSIS

In its Motion, NFP argues that the claims of the United States and the State of Ohio fail as a matter of law because (1) the State's claims for civil penalties arising from actions taken in 2001-2004 are time-barred; and (2) NFP did not engage in, approve of, or ratify any unlawful activity.

While the State initially concedes that the statute of limitations has expired on any claim for civil damages, the State maintains that summary judgment is not appropriate since the State also seeks remedial relief, which is available against a property owner such as NFP. Further, the State insists NFP faces liability for discharge of pollution on property it owns,

---

[1] The State was initially a defendant that filed a cross-claim, but has since been realigned as a plaintiff by a non-document order of November 28, 2011.

regardless of its degree of knowledge, under the theory of maintaining a public nuisance. Moreover, the State argues that genuine issues of material fact remain as to the full extent of NFP's knowledge of development activity (including land clearing) that violated water pollution laws.

The United States argues similarly that, since NFP owns a portion of the land and exercises control over it, liability under the CWA may attach.  Additionally, the United States contends that genuine issues of material fact remain as to what NFP actually knew about development at the site, and the extent of NFP's responsibility for remedying the violations.

Both the United States and the State of Ohio assert that the summary judgment motion was filed before NFP made its initial disclosures, and before they had the opportunity to conduct meaningful discovery on the issues of NFP's actual knowledge and extent of control.

The Magistrate Judge sympathized with NFP's position that, after a six-year-long investigation into the alleged violations of state and federal clean water statutes, the State and the Government should well know what evidence exists.  However, the Magistrate Judge refused to ignore the fact that the dispositive motion was filed little more than two months after the lawsuit was initiated on May 20, 2011.  The Magistrate Judge opined that the fruits of preliminary agency investigations may not equate to the kind of admissible Rule 56 evidence that discovery can elicit.  Consequently, he recommended deferring or denying NFP's Motion for Summary Judgment at this juncture.

No Objections to the Report and Recommendation were filed on behalf of any party. Therefore, the Court must assume the parties are satisfied.  Any further review would be a duplicative and inefficient use of the Court's limited resources.  *Thomas v. Arn*, 474 U.S. 140

(1985), *reh'g denied*, 474 U.S. 1111 (1986).

### III. CONCLUSION

Therefore, the Court ADOPTS the alternative recommendation of the Magistrate Judge and DENIES the Motion (ECF DKT #31) of Defendant, Naylor Family Partnership, for Summary Judgment without prejudice to being reasserted. In light of this decision, the Court denies as moot both NFP's objection (ECF DKT #67) to an affidavit attached to the State of Ohio's Opposition Brief, and the State of Ohio's related Motion for Leave (ECF DKT #77).

**IT IS SO ORDERED.**

**DATE: _March 30, 2012_____**

 **S/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**