**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD M. OSBORNE, SR., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.: 1:11-CV-01029<br><br>JUDGE DONALD C. NUGENT<br><br>**William R. Gray Associates, Inc.'s Motion to Dismiss Midway Industrial Campus, Ltd.'s Cross-Claims** |

Third-Party Defendant William R. Gray Associates, Inc. ("Gray"), by and through counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss the Cross-Claims alleged against Gray by Defendant Midway Industrial Campus, Ltd.'s ("Midway") for breach of contract and equitable indemnification. Midway fails to state an actionable claim for breach of contract or equitable indemnification because Midway fails to allege sufficient facts to establish that it has standing to bring a breach of contract action, and it alleges a non-existent cause of action for "equitable indemnification." The arguments supporting Gray's Motion to Dismiss (the "Motion") are set forth fully in the accompanying Memorandum in Support.

Respectfully submitted,

*/s/ Robert S. Lewis*

Laura A. Hauser (0041354)
Laura.Hauser@ThompsonHine.com
Robert S. Lewis (0075347)
Robert.Lewis@ThompsonHine.com
Thompson Hine LLP
127 Public Square
3900 Key Tower
Cleveland, Ohio 44114
216.566.5660
216.566.5800 facsimile

*Attorneys for Third-Party Defendant*
*William R. Gray Associates, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD M. OSBORNE, SR., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.: 1:11-CV-01029<br><br>JUDGE DONALD C. NUGENT<br><br>**Memorandum in Support of William R. Gray Associates, Inc.'s Motion to Dismiss Midway Industrial Campus, Ltd.'s Cross-Claims** |

## I. INTRODUCTION

Defendant Midway Industrial Campus, Ltd. ("Midway") asserts bare-bones cross-claims against Third-Party Defendant William R. Gray Associates, Inc. ("Gray") (the "Cross-Claims") that fail to allege sufficient facts to plausibly state a claim for either breach of contract (Count One) or "equitable indemnification" (Count Three). Indeed, it is clear from the face of the Cross-Claims that there is no contract between Gray and Midway. Rather, the only contract alleged in the Cross-Claims was entered into between Gray and Defendant/Third-Party Plaintiff City of Willoughby ("Willoughby"). Recognizing its lack of standing to enforce that contract, Midway attempts to rely on a third-party beneficiary theory, but fails to allege a single fact establishing that legal status.

Midway's cross-claim for "equitable indemnification" fares no better because Ohio does not recognize a claim for "equitable indemnification," particularly where there is an insufficient relationship between the parties to allow for indemnification (in the form of an implied contract of indemnification). Midway does not – and cannot – establish a sufficient relationship between

itself and Gray such that an implied contract of indemnification exists, so the claim for "equitable indemnification" is not actionable as a matter of law.

Gray, therefore, respectfully requests that the Court dismiss Counts One and Three of Midway's Cross-Claims for failure to state a claim upon which relief may be granted.

## II. FACTUAL BACKGROUND

Willoughby and Gray entered into a contract in March 2002 pursuant to which Gray provided engineering services to Willoughby (the "Contract"). *See* Contract at p. 1 (incorporated by reference into the Cross-Claims (Dkt. No. 108)). As alleged in the Cross-Claims, pursuant to the Contract, Gray agreed to provide engineering services for the construction of two roads, along with sewer and utility improvements, as part of the development of the Riverside Commons Site, a 280 acre property in Willoughby. *Id.* at Ex. A; Cross-Claims at ¶¶ 10-11. The Contract explicitly states that it is between Willoughby and Gray only. Contract at pp. 1, 12. Midway is neither a signatory to the Contract nor referenced therein. Rather, Midway alleges that it is an Ohio limited liability company that owns a portion of the Riverside Commons Site. Cross-Claims at ¶ 7.

Despite the fact that it is not a party to the Contract, Midway asserted Cross-Claims against Gray for breach of contract, contribution, and equitable indemnification.[1] Midway alleges that Gray "caused, in whole or in part, the violations" of the Clean Water Act alleged by the United States and the State of Ohio against Midway. *See* Cross-Claims at ¶ 4. Midway's breach of contract claim is based on the Contract between Willoughby and Gray. For example, Midway alleges that ***Willoughby*** and ***Gray*** entered into a contract for engineering services. *See*

[1] On or about May 20, 2011, the United States of America ("United States") brought suit against, among other parties, Midway and Willoughby, asserting violations of the Clean Water Act. (Dkt. No. 1.) Willoughby brought Gray into this action as a third-party defendant, asserting that Gray breached the Contract, requesting indemnification, and alleging professional malpractice. (Dkt. No. 34.)

Cross-Claims at ¶ 11. Midway then cites various provisions of the Contract, none of which reference or refer to Midway in any respect (Cross-Claims at ¶¶ 13-15), and, without alleging any facts, conclusorily states that "Midway is a third-party beneficiary of the Contract." Cross-Claims at ¶ 18. Midway does not reference any provision of the Contract conferring upon it third-party beneficiary status or even mentioning Midway, which is not surprising because no such provision exists.

Midway further seeks "equitable indemnification" from Gray. *See* Cross-Claims at ¶¶ 23-26. Midway asserts that it was "merely a passive cause of any damage alleged, and the actions of Willoughby and/or Gray were the active cause of such damage." *Id.* at ¶ 24. Thus, without any further support, Midway concludes that it is entitled to indemnification from Gray. *Id.* at ¶ 26.

## III. LAW AND ARGUMENT

Midway has not alleged a single fact sufficient to establish that it is a third-party beneficiary to the Contract, and thus, lacks standing to assert that Gray breached its contract with Willoughby. In addition, Midway has pled a non-existent cause of action for "equitable indemnification." Therefore, the Court should dismiss Counts One and Three of the Cross-Claims for failure to state a claim upon which relief may be granted.

### A. Midway Fails To State A Claim For Breach Of Contract.

A cross-claim will be dismissed if it does not contain sufficient *facts* to state a plausible claim for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Flex Homes, Inc. v. Ritz-Craft Corp. of Mich.*, 721 F. Supp. 2d 663,

668 (N.D. Ohio 2010).[2] The *Twombly* plausibility standard requires a complaint to contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S. Ct. at 1949 ("Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement" (internal quotations omitted)). Moreover, the facts must be more than "merely consistent with" liability. *Iqbal*, 129 S. Ct. at 1950.

Thus, "[w]hile legal conclusions can provide the framework for a complaint, all claims must be supported by factual allegations." *Flex Homes, Inc.*, 721 F. Supp. 2d at 668. Accordingly, the Court should disregard conclusory allegations, including legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555. *See also Iqbal*, 129 S. Ct. at 1950 (noting that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth"); *J&J Sports Prods. v. Kennedy*, No. 1:10-cv-2740, 2011 U.S. Dist. LEXIS 154644, *4 (N.D. Ohio Nov. 3, 2011) (holding, under the *Twombly* pleading standard, that courts must disregard "[a]ny legal conclusions presented in the complaint as factual allegations")

Midway does not allege that it is a party to the Contract that it charges Gray with breaching, nor can it. The contract is between only Willoughby and Gray. Thus, Midway may only bring a breach of contract action if it is an intended third-party beneficiary to the Contract. *B&V Distributing Co. v. Dottore Companies, LLC*, 278 Fed. Appx. 480, 484-85 (6th Cir. May 15, 2008); *Wachovia Bank, N.A. v. Zomax Inc.*, No. 2:09-cv-0076, 2009 WL 5101319, *7 (S.D. Ohio Dec. 17, 2009).

---

[2] *Twombly* and *Iqbal* apply where the claim is asserted as a cross-claim. *See, e.g., Koyo Corp. of U.S.A. v. Comerica Bank*, No. 1:10-cv-2557, 2011 U.S. Dist. LEXIS 116422, *5-11 (N.D. Ohio Oct. 7, 2011) (dismissing indemnity cross-claim for failure to state a claim pursuant to Rule 12(b)(6), applying the *Iqbal* and *Twombly* pleading standard).

Whether a third-party beneficiary relationship exists is a question of law, not fact. *Flex Homes*, 721 F. Supp. 2d at 669, 671. Thus, to establish standing as a third-party beneficiary, Midway must allege *facts* establishing that it is a third-party beneficiary to the Contract. *See id.* at 672 (dismissing the complaint and finding that the plaintiffs had insufficiently alleged that they were third-party beneficiaries); *Hodell-Natco Indus. v. SAP Am., Inc.*, No. 1:08-cv-02755, 2011 U.S. Dist. LEXIS 59276, *15 (N.D. Ohio June 2, 2011) (dismissing complaint in part and finding that the defendant was not a third-party beneficiary against whom contract could be enforced, reasoning that the facts alleged did not support a third-party beneficiary relationship).

Here, however, Midway's breach of contract claim is devoid of any facts supporting the legal conclusion that a third-party beneficiary relationship exists between Gray and Midway. Rather, Midway merely states the legal conclusion that it is a third-party beneficiary to the Contract. This is the exact type of unadorned legal conclusion couched as a fact allegation that *Twombly* rejected. It should, therefore, be ignored. *J&J Sports Prods.*, 2011 U.S. Dist. LEXIS 154644 at *4. When that allegation is ignored, there are no remaining allegations in the Cross-Claims supporting a third-party beneficiary relationship.

Because Midway cannot establish that it was either a party to, or third-party beneficiary of, the Contract, it has no standing to bring a breach of contract claim. *See B&V Distributing Co.*, 278 Fed. Appx. at 484-85; *Wachovia Bank, N.A.*, 2009 WL 5101319 at *7. Therefore, Midway's breach of contract cross-claim (Count One) against Gray should be dismissed for failure to state a claim upon which relief may be granted. *Flex Homes*, 721 F. Supp. 2d at 671-72.

### B. Midway Fails To State A Claim For Indemnification Because Ohio Courts Do Not Recognize "Equitable Indemnification" As A Cause Of Action.

Midway's "equitable indemnification" claim fails for two reasons. First, equitable indemnification simply is not a recognized claim in Ohio. Second, to the extent Midway intended to plead a claim for an implied contract of indemnity, it wholly failed to plead the existence of a sufficient relationship to support such implied indemnification. *See Waverly City Sch. Dist. Bd. of Educ. v. Triad Architects, Inc.*, 2008-Ohio-6917, ¶ 36 (10th Dist. Dec. 30, 2008) (dismissing complaint and reasoning that the party seeking indemnification failed to allege "any relationship between itself and any other party that would give rise to vicarious liability").

#### 1. "Equitable Indemnification" Is Not A Recognized Claim In Ohio.

Midway alleges that it is entitled to equitable indemnification because, if it is liable, it is only passively so. Cross-Claims at ¶ 24. Aside from the fact that Midway fails to allege any facts demonstrating that Gray was actively liable, and Midway was merely passively liable, there is a more fundamental problem with Midway's claim: there is no claim for "equitable indemnification" in Ohio that imposes liability solely on the basis of passive versus active negligence.

Rather, under Ohio law, indemnity arises from contract, either express or implied. *Waverly City Sch. Dist. Bd. of Educ.*, 2008-Ohio-6917 at ¶ 33. Where, as here, there is no express contract allowing for indemnity, Midway must establish that an implied contract for indemnification exists. *Id.*; *Hope v. Continental W. Ins. Co.*, 2000 Ohio App. LEXIS 4455, *10 (2nd Dist. Sept. 29, 2000) ("Implied-in-law contracts are a legal fiction used to effect an equitable result." (internal quotation omitted)); *NuFloor Sys. v. Precision Envt'l Co.*, 2011-Ohio-3669, ¶¶ 18-19 (9th Dist. 2011) (reversing summary judgment on "equitable indemnification" claim, finding that the plaintiff failed to establish a relationship such that "equitable

indemnification [was] appropriate"); *McClorey v. Hamilton County Bd. of Elections*, 130 Ohio App. 3d 621, 627 (1st Dist. 1998) (applying implied contract of indemnity theory to claim that party was only passively liable and holding that "under the common law, this means that it should be indemnified" by the primarily liable party); *Allstate Ins. Co. v. U.S. Assocs. Realty, Inc.*, 11 Ohio App. 3d 242, 246 (9th Dist. 1983) (referring to implied contract of indemnity and reasoning that "[t]he courts in Ohio have recognized the distinction between one who is actually at fault, and another who, by reason of his relationship with the wrongdoer or by operation of law, has incurred tort liability without personal fault for the acts committed by such wrongdoer"). As discussed below, Midway has failed to plead sufficient facts to establish the existence of an implied contract for indemnification

**2. Midway Fails To Allege Sufficient Facts To Establish An Implied Contract For Indemnification.**

An implied contract for indemnification requires not only passive negligence on behalf of the party seeking indemnification, but also a ***sufficient relationship*** between the parties that renders it appropriate to pass liability through to the actively negligent party. *Reynolds v. Physicians Ins. Co.*, 68 Ohio St. 3d 14, 16 (1993) ("An implied contract of indemnity should be recognized in situations involving related tortfeasors, where the one committing the wrong is so related to a secondary party as to make the secondary party liable for the wrongs committed solely by the other."); *Hoffman v. Fraser*, 2011-Ohio-2200, ¶ 69 (11th Dist. May 6, 2011) ("[A]n implied contract of indemnity may be recognized in situations involving related tortfeasors, where the one committing the wrong (the primarily liable party) is so related to a secondary party as to make the secondary party liable for the wrongs committed solely by the other."). Courts thus far have limited the universe of relationships that are deemed sufficient to establish an implied contract of indemnity to the following: wholesaler/retailer; abutting property

owner/municipality; independent contractor/employer; and master/servant. *Reynolds*, 68 Ohio St. 3d at 16; *Waverly City Sch. Dist. Bd. of Educ.*, 2008-Ohio-6917 at ¶ 35.

Midway did not allege that there is ***any*** relationship between itself and Gray, let alone one sufficient to create an implied contract of indemnification. Nor can Midway establish such a relationship. Indeed, Gray is unaware of a single case in Ohio finding a relationship sufficient to support an indemnification claim between an engineering firm and property owner that are not in privity of contract with one another. Thus, Midway has failed to state a claim for "equitable indemnification," and dismissal with prejudice of Count Three of the Cross-Claims is appropriate. *See, e.g.*, *Koyo Corp. of U.S.A.*, 2011 U.S. Dist. LEXIS 116422 at *10-11 (dismissing indemnification claim where insufficient facts were pled to establish relationship between the parties); *Hoffman v. Fraser*, 2011-Ohio-2200, ¶ 69 (11th Dist May 6, 2011) (affirming dismissal of complaint where the plaintiff did not allege a relationship with the defendant sufficient to give rise to an implied contract of indemnity); *Yank v. Howard Hanna Real Estate Servs.*, 2003-Ohio-3471, ¶ 24 (7th Dist. June 27, 2003) (finding plaintiff did not allege a claim for indemnity where it failed to allege it had a sufficiently close relationship with defendant such that a contract for indemnity would be implied); *Hope*, 2000 Ohio App. LEXIS 4455 at *11 ("However, the Triangle Agency must prove that it had some relationship with Managers which imposed a primary liability to Hope on Managers and only a secondary liability to Hope on the Triangle Agency.").

## IV. CONCLUSION

For the foregoing reasons, Gray respectfully requests that the Court dismiss Count One (breach of contract) and Count Three (equitable indemnification) of Midway's Cross-Claims for failure to state a claim upon which relief may be granted against Gray.

Respectfully submitted,

*/s/ Robert S. Lewis*

Laura A. Hauser (0041354)
Laura.Hauser@ThompsonHine.com
Robert S. Lewis (0075347)
Robert.Lewis@ThompsonHine.com
Thompson Hine LLP
127 Public Square
3900 Key Tower
Cleveland, Ohio 44114
216.566.5660
216.566.5800 facsimile

*Attorneys for Third-Party Defendant*
*William R. Gray Associates, Inc.*

**CERTIFICATE OF SERVICE**

This is to certify that on May 18, 2012, a copy of the foregoing *Motion to Dismiss* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Robert S. Lewis*
*Counsel for Third-Party Defendant*
*William R. Gray Associates, Inc.*