UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:11CV1029 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| RICHARD M. OSBORNE, SR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #129) of Third-Party Defendant, William R. Gray Associates, Inc. ("Gray"), to Dismiss the Cross-Claims of Defendant, Midway Industrial Campus, Ltd. ("Midway"). For the following reasons, the Motion to Dismiss Counts One and Three of the Cross-Claims for failure to state a claim under Fed.R.Civ.P. 12(b)(6) is granted.

**I. BACKGROUND**

Midway is a limited liability company organized and existing under the laws of the State of Ohio, and is the fee simple owner of a portion of real property, known as the Riverside Commons Site, a 280-acre property in the City of Willoughby, Lake County, Ohio. Gray is an Ohio corporation, with its principal place of business in Lake County, Ohio.

On or about March 27, 2002, Willoughby and Gray entered into a Contract. (ECF

DKT #34-1, adopted by reference in Midway's Cross-Claims). Gray agreed to provide engineering services for the construction of two roads, along with sewer and utility improvements, as part of the development of the 280-acre Riverside Commons Site. The United States of America and the State of Ohio brought suit against Midway and Willoughby, among others, alleging Defendants discharged dredged or fill material from the Riverside Commons commercial real estate development into waters of the United States and the State of Ohio, without a prior permit in violation of the federal Clean Water Act ("CWA") and related state statutes. Midway has asserted Cross-Claims against Gray for Breach of Contract, Contribution, and Equitable Indemnification, alleging Gray caused, in whole, or in part, the violations of the Clean Water Act alleged against them.

In Count One, Midway alleges that Gray breached the Contract by failing to obtain a "Title Sheet to include required review agencies signatures" and "Permit Applications and Reviews from various review agencies" for "Commercial Development Plans" and "Industrial Development Plans." (ECF DKT #108, ¶ 16). Midway alleges that it is a third-party beneficiary of the Contract; and that, "to the extent that Midway incurs any liability for the claims brought by the United States or the State of Ohio, such liability is a result of the breach of the Contract by Gray and the failure by Willoughby to enforce the Contract." *Id*. at ¶¶ 18 & 19.

Count Three is entitled "Equitable Indemnification," and recites in part:

> 24. To the extent that any of the environmental impacts alleged in this action occurred, which Midway denies, then the actions of Midway, if any, were merely a passive cause of any damage alleged, and the actions of Willoughby and/or Gray were the active cause of such damage.
>
> 25. Midway is entitled to indemnification from Willoughby and/or

> Gray in the event of any judgment obtained by the United States and/or the State of Ohio against Midway, because the active and primary negligence of Willoughby and/or Gray was the sole, direct and proximate cause of the injuries and damages, if any, suffered by the United States of America and/or the State of Ohio.
>
> 26. Pursuant to Ohio Revised Code §§ 2307.31 and 2307.32, Midway is entitled to indemnification from Willoughby and/or Gray for any judgment obtained by United States of America and/or the State of Ohio against Midway, in an amount to be determined by the trier of fact.

In Count Two, Midway asserts a Cross-Claim for Contribution against Gray and Willoughby. Gray moves for dismissal of Counts One and Three only, on the grounds of failure to state a claim upon which relief can be granted. The briefing on Gray's Motion to Dismiss is complete.

## II. LAW AND ANALYSIS

### Civil Rule 12(b)(6) Standard

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S.Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id.* at 555. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the

> misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir.2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir.2007)).

The Court should disregard conclusory allegations, including legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555; *J & J Sports Prods. v. Kennedy*, No. 1:10CV2740, 2011 U.S. Dist. LEXIS 154644, *4 (N.D.Ohio Nov. 3, 2011).

**<u>Count One - Breach of Contract</u>**

Midway alleges that Gray breached the Contract with the City of Willoughby for the Riverside Commons development, in part, by failing to obtain required permits. In ¶18, Midway alleges simply: "Midway is a third-party beneficiary of the Contract." Defendant provides no factual support for beneficiary status other than the description that Midway is the fee simple owner of certain portions of real property located at the Riverside Commons site. *Id*. at ¶7. The Court finds that these allegations are insufficient under the *Twombly/Iqbal* analysis.

> In *Hill v. Sonitrol*, 36 Ohio St.3d 36, 40 (1988), the Ohio Supreme Court held:
>
> If the promisee * * * intends that a third party should benefit from the contract, then that third party is an "intended beneficiary" who has enforceable rights under the contract. If the promisee has no intent to benefit a third party, then any third-party beneficiary to the contract is merely an "incidental beneficiary"

who has no enforceable rights under the contract.

In construing whether a contract was made for the direct or incidental benefit of a third party, the Court necessarily must look to the language of the contract at issue. *Point East Condominium Owners' Association, Inc. v. Cedar House Associates Company*, 104 Ohio App.3d 704, 724 (8th Dist. 1995); *Lin v. Gatehouse Construction Co.*, 84 Ohio App.3d 96, 100 (8th Dist. 1992). In paragraph 6.08(C)(2) of the Contract (ECF DKT #34-1) between Willoughby and Gray, the Court notes a specific disclaimer of third-party beneficiaries:

> All duties and responsibilities undertaken pursuant to this Agreement will be for the sole and exclusive benefit of the CITY and the ENGINEER and not for the benefit of any other party.

In light of the bare legal conclusion of third-party beneficiary status, couched as a factual allegation, and deferring to the clear intentions of the contracting parties, the Court finds that Midway is not an intended third-party beneficiary; and dismisses Count One of Midway's Cross-Claims for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).

### **Count Three - Equitable Indemnification**

In Count Three, Midway alleges that its actions, if any, were a passive cause of environmental damage alleged by the United States and the State of Ohio. Midway alleges further that the actions of Gray and/or Willoughby were the active cause. Therefore, Midway claims that it is entitled to equitable indemnification. Count Three is completely devoid of factual allegations which would make this claim plausible.

For indemnification to apply, there must be some identifiable relationship between the primary and secondary actors. Under Ohio law, when a person is secondarily liable ***due to his relationship*** to another party, he may recoup damages he paid to the injured party from

the one who is actually at fault and caused the injuries. *Globe Indemnity Co. v. Schmitt*, 142 Ohio St. 595 (1944).

Upon examination of Count Three, the Court finds it deficient because of the absence of facts supporting a primary-secondary or active-passive relationship between Gray and Cross-Claimant, Midway. Moreover, ¶26 of Count Three begins with the phrase: "Pursuant to Ohio Revised Code 2307.31 and 2307.32 ..." This reference to statutory law is inconsistent, and frankly, incongruous with a claim for *equitable* relief. Worse yet, a review of the Ohio Revised Code reveals that these two cited provisions have been repealed.

For these reasons, Count Three of the Cross-Claims, alleging Equitable Indemnification, is dismissed for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). At this juncture, the Court is compelled to caution Cross-Claimant and Cross-Claimant's counsel that it views the presentation of Count Three of the Cross-Claims as arguably frivolous and/or sanctionable conduct.

### III. CONCLUSION

Upon consideration of the pleadings, arguments and applicable law, the Court finds that the Cross-Claims of Midway, in Counts One and Three, offer only bare legal conclusions, and do not contain sufficient facts, taken as true, to state claims for Breach of Contract and Equitable Indemnification that are plausible on their face. The Motion (ECF DKT #129) of Third-Party Defendant, William R. Gray Associates, Inc. ("Gray"), to Dismiss Cross-Claims of Defendant, Midway Industrial Campus, Ltd. ("Midway"), is granted as to Count One and Count Three only. Count Two, sounding in Contribution, remains pending for further proceedings.

**IT IS SO ORDERED.**

**s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: March 25, 2013**