UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:11CV1029 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| RICHARD M. OSBORNE, SR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #135) of Third-Party Defendant, William R. Gray Associates, Inc. ("Gray"), to Dismiss the Cross-Claims (ECF DKT #117 & #118) of Defendant, JTO, Inc. ("JTO"), based upon implied contract of indemnity. For the following reasons, the Motion is denied.

**I. BACKGROUND**

Gray is a civil engineering firm, with its principal place of business in Lake County, Ohio. JTO is a corporation, located in the City of Mentor, Lake County, Ohio, which conducts general contracting services.

On or about March 27, 2002, the City of Willoughby and Gray entered into a

Contract.  (ECF DKT #34-1).  Gray agreed to provide engineering services for the construction of an extension to Apollo Parkway and the creation of a new road to be named Riverside Commons Drive, along with sewer and utility improvements, as part of the development of the 280-acre Riverside Commons Site.  Also in March of 2002, JTO entered into a contract with the City of Willoughby for the construction of the Apollo Parkway extension and the creation of Riverside Commons Drive.

In May of 2011, the United States of America and the State of Ohio[1] brought suit against JTO and Willoughby, among others, alleging Defendants discharged dredged or fill material from the Riverside Commons commercial real estate development into waters of the United States and the State of Ohio, without a prior permit in violation of the federal Clean Water Act ("CWA") and related state statutes.  On May 3, 2012, JTO answered the Complaints of the United States of America and the State of Ohio; and asserted a Cross-Claim against Gray for Implied Contract of Indemnity, alleging Gray actively and primarily caused, in whole, or in part, the violations of the Clean Water Act alleged against it.

JTO alleges that Gray was responsible for all permit applications and agency reviews for the construction of the extension and road.  JTO also alleges that, pursuant to both of their contracts with the City of Willoughby, Gray and JTO were "in frequent communication regarding the surveying and staking of the site by Gray Associates."  For the construction of the extension to Apollo Parkway and the creation of Riverside Commons Drive, JTO allegedly "relied on the surveying and staking of the site by Gray Associates and relied on Gray Associates to fulfill its duty to apply for the necessary permits to construct the roads."

---

[1] The State of Ohio was realigned as a party plaintiff on November 28, 2011.

(ECF DKT #117 & #118, "General Allegations").

In the substantive portion of its Cross-Claim for Implied Contract of Indemnity (ECF DKT #117, ¶ 12 & ECF DKT #118, ¶ 14), JTO alleges that:

> Gray Associates knew or should have known about a 1999 wetlands delineation performed at the request of the developers of the Riverside Commons site that showed that the site potentially was federally protected wetlands and that permits may be required from state and federal agencies for any construction on the site.

Further, at ¶ 14 of ECF DKT #117:

> By failing to apply for permits to construct the roads at the Riverside Commons site, and by failing to submit a Notice of Intent for coverage under Ohio's construction stormwater permit, Gray Associates is actively and primarily liable for the construction of roads through allegedly protected wetlands by J.T.O. without a permit.

And, at ¶ 16 of ECF DKT #118:

> By failing to apply for permits to construct the roads at the Riverside Commons site, Gray Associates is actively and primarily liable for the construction of roads through allegedly federally protected wetlands by J.T.O. without a permit.

JTO asserts that, due to its reliance on Gray, and as the result of Gray's failure to obtain proper permitting for the construction of the Riverside Commons Site, JTO has been damaged to the extent of any civil penalties, and the cost of any injunctive relief, which may be assessed against it in this litigation. JTO alleges that Gray is actively and primarily liable, and should be required to indemnify JTO for civil penalties, expenses of any injunctions, as well as construction costs for the Apollo Parkway extension and the creation of Riverside Commons Drive. (ECF DKT #117, ¶¶ 15 & 16 and ECF DKT #118, ¶¶ 17 & 18).

In its Motion to Dismiss, Gray argues that JTO fails to allege facts in its Cross-Claim, to establish that it has a sufficient relationship with Gray such that an implied contract of

-3-

indemnity exists. The briefing on Gray's Motion is complete.

## II. LAW AND ANALYSIS

**Civil Rule 12(b)(6) Standard**

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S.Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id.* at 555. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir.2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir.2007)).

The Court should disregard conclusory allegations, including legal conclusions

couched as factual allegations. *Twombly*, 550 U.S. at 555; *J & J Sports Prods. v. Kennedy*, No. 1:10CV2740, 2011 U.S. Dist. LEXIS 154644, *4 (N.D.Ohio Nov. 3, 2011).

**Implied Contract of Indemnity**

The right to indemnity arises from contract, express or implied. *Henry v. Consol. Stores Internatl. Corp.*, 89 Ohio App.3d 417, 421 (1993), citing *Travelers Indemn. Co. v. Trowbridge*, 41 Ohio St.2d 11 (1975)( paragraph two of the syllabus).

For indemnification to apply, in the absence of an express contract, there must be some identifiable relationship between the primary and secondary actors. Under Ohio law, when a person is secondarily liable ***due to his relationship*** to another party, he may recoup damages he paid to the injured party from the one who is actually at fault and caused the injuries. *Globe Indemnity Co. v. Schmitt*, 142 Ohio St. 595 (1944).

JTO alleges that Gray and JTO had a relationship based upon their common duty to the City of Willoughby. In order to satisfy their obligations under the Riverside Commons Development Project, JTO and Gray were allegedly in frequent communication regarding surveying and staking of the land. JTO also claims that it relied upon Gray, as the engineer on the project, to obtain the proper permits. JTO further alleges that Gray "knew or should have known of a 1999 wetlands delineation performed at the request of the developers of the Riverside Commons site that showed that the site potentially was federally protected wetlands." (ECF DKT # 117, ¶ 12 and ECF DKT #118, ¶ 14).

Upon examination of JTO's Cross-Claim, the Court finds it contains sufficient factual allegations, supporting a primary-secondary or active-passive relationship between Gray and Cross-Claimant, JTO.

### III. CONCLUSION

Upon consideration of the pleadings, arguments and applicable law, the Court finds that the Cross-Claim of JTO offers sufficient facts, taken as true, to state a claim for Implied Contract of Indemnity that is plausible on its face. Therefore, the Motion (ECF DKT #135) of Third-Party Defendant, William R. Gray Associates, Inc. ("Gray"), to Dismiss the Cross-Claim (ECF DKT #117 & #118) of Defendant, JTO, Inc. ("JTO"), based upon implied contract of indemnity, is denied.

**IT IS SO ORDERED.**

                                                  **s/ Christopher A. Boyko**
                                                  **CHRISTOPHER A. BOYKO**
                                                  **United States District Judge**

**Dated:  March 26, 2013**