UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:11CV1029 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| RICHARD M. OSBORNE SR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #147) of Plaintiff, United States of America, to Dismiss Defendants' Counterclaims (ECF DKT #106 & #109). For the following reasons, the Motion is granted in part and denied in part. The First, Third, and Fourth Claims for Relief are dismissed, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief may be granted. The Second Claim for Relief remains pending for further adjudication.

**I. BACKGROUND**

The instant Complaint is based upon allegations that, from 2001 to 2004, one or more Defendants discharged pollutants, i.e., dredged or fill material, from a commercial real estate

development (Riverside Commons), in Mentor and Willoughby, Ohio, into "waters of the United States" without a prior permit from the Army Corps of Engineers, thus violating the federal Clean Water Act ("CWA"), 33 U.S.C. § 1362(7).  The State of Ohio[1] alleges Defendants (1) failed to obtain a permit authorizing fill activities; (2) violated Ohio's narrative criteria for surface waters and wetlands of the state; and (3) discharged into waters of the state without authorization.  The United States and the State of Ohio seek payment of civil penalties, injunctive relief to prevent further discharges, and restoration of the wetlands on the development site.

The United States specifically alleges that Defendants, Richard M. Osborne Sr., individually and as Trustee of the Richard M. Osborne Trust ("Osborne Sr."); Madison/Route 20, LLC ("Madison"); Midway Industrial Campus Company, Ltd. ("Midway"); Naylor Family Partnership; J.T.O., Inc.; and the City of Willoughby, violated Sections 301(a) and 404 of the Clean Water Act ("CWA"), 33 U.S.C. §§ 1311(a) and 1344, by discharging pollutants into waters of the United States at the Riverside Commons Site ("Site") in Mentor and Willoughby, Ohio.  On April 27, 2012, Defendants, Osborne Sr., Madison, and Midway ("Defendants"), filed Answers and identical Counterclaims against the United States; the U.S. Environmental Protection Agency, Lisa P. Jackson in her official capacity as Administrator of the U.S. Environmental Protection Agency, and Susan Hedman in her official capacity as Administrator of the Region V of the U.S. Environmental Protection Agency (collectively

---

[1] The State was initially a defendant that filed a cross-claim, but has since been realigned as a plaintiff by a non-document order of November 28, 2011.

"EPA"); and the U.S. Department of Army through the U.S. Army Corps of Engineers, Major General Meredith W.B. Temple in his official capacity as Acting Chief of Engineers, U.S. Army Corps of Engineers, and Lieutenant Colonel Stephan H. Bales in his official capacity as Commander, Buffalo District, U.S. Army Corps of Engineers (collectively "Corps").

Defendants assert four claims for relief in their Counterclaims (ECF DKT #106 & #109):  (1) a facial challenge to the constitutionality of Section 309(a) of the CWA, 33 U.S.C. § 1319(a), under the Due Process Clause; (2) an as- applied challenge to the constitutionality of the EPA's and the Corps' assertion of regulatory jurisdiction over the Site, under the Due Process Clause and the Commerce Clause; (3) a claim that the Corps' 1987 Wetland Manual ("Manual") violates the Administrative Procedure Act's ("APA") provisions for legislative rule-making; and (4) a claim that the Manual violates the Regulatory Flexibility Act's ("RFA") requirements.

**Statutory Framework and Government Actions Taken**

Under CWA Section 301(a), 33 U.S.C. § 1311(a), no person may discharge a pollutant into waters of the United States without a permit.  If the pollutant consists of dredged or fill material, the required permit is issued by the Corps under CWA Section 404.  *Id*. § 1344. Upon determining that a violation of Section 301(a) has occurred, Section 309(a) provides that the EPA Administrator may either issue an administrative compliance order "requiring such person to comply with such section," or may initiate a civil enforcement action.  *Id*. § 1319(a)(3).  The Corps may also take steps designed to bring violators into compliance. Upon determining that a discharge of a pollutant has occurred without a required Section 404 permit, and that initial corrective measures are required, the District Engineer for the relevant

Corps district may issue "a cease and desist order prohibiting any further work pending resolution of the violation." 33 C.F.R. § 326.3(c). In addition, if initial corrective measures are required, the District Engineer may also issue an order specifying such measures. *Id.* § 326.3(d). However, such orders are different from a compliance order issued by EPA under Section 309.

On December 15, 2004, the Corps issued an order to Defendant, Richard M. Osborne, Sr., directing him to cease and desist all construction activities at the Riverside Commons Site. (ECF DKT #106, Exhibit A).

On September 29, 2005, the EPA issued an administrative order entitled "Findings of Violations and Compliance Order," listing eleven respondents, including Osborne, Sr., Madison, and Midway. In March of 2006, reacting in part to litigation filed by respondents, challenging the Compliance Order, the EPA withdrew the Compliance Order. The Corps has never withdrawn its Cease and Desist Order.

## II. LAW AND ANALYSIS

### Civil Rule 12(b)(6) Standard

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S.Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id.* at 555. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Nor does a complaint suffice if it tenders

> "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir.2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir.2007)).

The Court should disregard conclusory allegations, including legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555; *J & J Sports Prods. v. Kennedy*, No. 1:10CV2740, 2011 U.S. Dist. LEXIS 154644, *4 (N.D.Ohio Nov. 3, 2011).

**<u>First Claim for Relief in Defendants' Counterclaims</u>**

Defendants' First Claim is a facial challenge to section 309(a) of the CWA, 33 U.S.C. § 1319(a), alleging violation of the Fifth Amendment to the United States Constitution by depriving Defendants of their property without procedural due process.

"A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that ***no set of circumstances*** exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987) (Emphasis added).

Judicial review of the Compliance Order was available to Defendants, Osborne, Sr., Madison, and Midway; and in fact, they filed a lawsuit challenging it. (ECF DKT #106, ¶¶ 39-40). Also, in light of the instant litigation, Defendants cannot reasonably complain that they have been denied the meaningful opportunity to be heard and to assert their available defenses.

Even accepting all factual allegations in the First Claim as true, the Court finds that Defendants have failed to show that Section 309 of the CWA is unconstitutional under all conceivable circumstances. Therefore, Defendants' facial constitutional due process claim is dismissed for failure to state a claim under Fed.R.Civ.P. 12(b)(6).

**Third and Fourth Claims for Relief in Defendants' Counterclaims**

In their Third and Fourth Claims for Relief, Defendants allege that the Corps' 1987 Wetlands Delineation Manual ("Manual"), relied upon by the EPA for identification of wetlands at the Riverside Commons site, was issued in violation of the rulemaking procedures in the Administrative Procedure Act ("APA") and the Regulatory Flexibility Act ("RFA"). Defendants allege that the Manual is a substantive and legislative rule, subject to APA rulemaking procedures, and to the RFA's four-step process of considering and guarding against likely adverse impacts on small entities.

In its Motion, the United States contends that Defendants fail to state a claim because the Manual is interpretive only, and not a legislative rule. The Court is persuaded by the analysis found in *United States v. Ellen*, 961 F.2d 462 (4th Cir.1992) (affirming a conviction of illegally discharging pollutants into wetlands in violation of CWA, and finding use of definition of wetlands from subsequently adopted federal manual did not violate *ex post facto*

prohibition); and agrees with the position of the United States here.

Previously, in the within case (ECF DKT #100), the Court discussed the CWA's definition of "the waters of the United States":

> The CWA defines "navigable waters" to mean "the waters of the United States." 33 U.S.C. § 1362(7). The Corps has promulgated regulations and key definitions regarding the "waters of the United States." The definitions encompass traditional navigable waters, which include tidal waters and waters susceptible to use in interstate commerce (33 C.F.R. § 328.3(a)(1)); "tributaries" of traditional navigable waters (33 C.F.R. § 328.3(a)(5)); and wetlands that are "adjacent" to other covered waters (33 C.F.R. § 328.3(a)(7)). "Adjacent" wetlands are such that are "bordering, contiguous, or neighboring" other jurisdictional waters and include "[w]etlands separated from other waters of the United States by man-made dikes or barriers, natural river berms, beach dunes and the like." 33 C.F.R. § 328.3(c). The Supreme Court has upheld the exercise of CWA regulatory jurisdiction over wetlands that are adjacent to traditional navigable waters. *United States v. Riverside Bayview Homes, Inc.*, 474 U.S. 121, 134 (1985).

Four agencies, the EPA, the Corps, the Fish and Wildlife Service, and the Soil Conservation Service, have been traditionally involved in identifying and delineating wetlands. The EPA and the Corps used the 1987 Manual, prior to adopting the 1989 Interagency Wetlands Delineation Manual, which was meant to provide a uniform national methodology for wetland determinations. These Manuals were "intended to be only an interpretive guide to the regulatory definition of wetlands, primarily for the use of agency personnel ... "a technical guidance document" that "provides internal procedures for agency field staff for identifying and delineating wetlands." *Ellen*, 961 F.2d at 466, quoting *Proposed Revisions to 1989 Wetlands Manual*, 56 Fed.Reg. 40,446 (1991).

The Court concurs with the reasoning in *Ellen*, that the Manual is neither law nor a legislative rule. Thus, it is not subject to the procedures of the APA nor of the RFA. The Third and Fourth Claims of Defendants' Counterclaims are dismissed for failure to state a

claim under Fed.R.Civ.P. 12(b)(6).

**Second Claim for Relief in Defendants' Counterclaims**

Defendants make an as-applied challenge to Section 309(a) of the CWA, 33 U.S.C. § 1319(a), alleging violation of the Fifth Amendment to the United States Constitution by depriving Defendants of their property without procedural due process.  The United States argues that Defendants have neither concrete, traceable, nor redressable injuries, and do not allege a deprivation of a legally protected interest.

The Court disagrees.  Accepting all factual allegations and reasonable inferences as true, Defendants' as-applied constitutional challenge survives dismissal.

The Cease and Desist Order (ECF DKT #106, Exhibit A) recites in part as follows:

> I am directing you to replace the soil excavated from the ditches . . . . [Y]ou shall replace soil (plug) at the four locations indicated in the attached map . . . . Bare soil shall be stabilized and measures shall be taken to prevent erosion of the ditch "plugs." **This work shall be completed no later than December 28, 2004.** You shall provide photographs of the completed installation by December 29, 2004. You must inspect and maintain the site regularly and make corrections as needed . (Emphasis original).

None of these mandates has been lifted.  The Compliance Order and the Cease and Desist Order prohibit the use and development of the entire Riverside Commons Site, and requires demolition of a structure on the site.  Due to the pending wetlands determination and EPA and CWA violations, impacting a 1.4 acre parcel within the site, a third-party cancelled its contract with Midway for the sale of that parcel and construction of a building.  Defendants allege that the issuance of the Orders, with their continuing mandatory compliance obligations, adversely affects their ability to use, market, or sell the Site.

The United States insists that Defendants have suffered only monetary injury; and that

the cancellation of a single contract cannot constitute the injury necessary to confer standing or to demonstrate a deprivation of a legally protected interest. However, liberty and property are "broad and majestic terms;" and the Supreme Court "has also made clear that the property interests protected by procedural due process extend well beyond actual ownership of real estate, chattels, or money." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 571-572 (1972). Property protected by due process is not just the property considered as a whole, but "any subsidiary property right." *Id*. at 577.

Thus, applying the broad brush of property rights as the Supreme Court directs, this Court finds that Defendants' Second Claim for Relief, asserting an as-applied constitutional challenge to the CWA and the Orders issued under its authority, states a sufficiently plausible cause of action. The allegations of the Counterclaims are sufficient at this juncture. Since fact and expert discovery have not been completed, the Court, in its discretion, may re-visit this issue at a future time.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #147) of Plaintiff, United States of America, to Dismiss Defendants' Counterclaims (ECF DKT #106 & #109) is granted in part and denied in part. The First, Third, and Fourth Claims for Relief are dismissed, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief may be granted. The Second Claim for Relief remains pending for further adjudication.

**IT IS SO ORDERED.**

**Dated: March 27, 2013**

s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**