UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:11CV1029 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| RICHARD M. OSBORNE, SR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #281) of Third-Party Defendant, William R. Gray Associates, Inc. ("Gray"), for Summary Judgment on Cross-Claims of JTO, Inc., Midway Industrial Campus, Ltd., Richard M. Osborne, Sr. and Madison/Route 20, LLC. For the following reasons, the Motion is granted.

**I. FACTUAL BACKGROUND**

This action was brought by the United States, under section 309(b) and (d) of the Clean Water Act ("CWA"), and by the State of Ohio, under Ohio Revised Code Chapter 6111, against Richard M. Osborne, Sr., individually and as Trustee of the Richard M. Osborne Trust; Madison/Route 20, LLC; Midway Industrial Campus Company, Ltd.; Naylor

Family Partnership; JTO, Inc.; and the City of Willoughby, for discharging pollutants (i.e., dredged or fill material) from the Riverside Commons real estate development site in Lake County into the waters of the United States and the State of Ohio, without a prior permit.

Gray is a civil engineering firm, with its principal place of business in Lake County, Ohio. JTO is a corporation, located in the City of Mentor, Lake County, Ohio, which conducts general contracting services. On or about March 27, 2002, the City of Willoughby and Gray entered into a contract whereby Gray agreed to provide engineering services for the construction of an extension to Apollo Parkway and the creation of a new road to be named Riverside Commons Drive, along with sewer and utility improvements, as part of the development of the 280-acre Riverside Commons Site. Also in March of 2002, JTO entered into a contract with the City of Willoughby for the construction of the Apollo Parkway extension and the creation of Riverside Commons Drive.

On August 9, 2011, the City of Willoughby brought Gray into this action as a Third-Party Defendant (ECF DKT #34), asserting that Gray breached its contract with the City, requesting indemnification and alleging professional malpractice. Following that, Defendants, JTO, Midway, Osborne, Sr. and Madison asserted Cross-Claims against Gray. JTO asserts a claim for implied indemnification against Gray; while Midway, Osborne, Sr. and Madison seek contribution from Gray.

## II. LAW AND ANALYSIS

**Fed.R.Civ.P. 56 Standard of Review**

Summary judgment shall be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." *See* Fed.R.Civ.P. 56(a). The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy. Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir.1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Fed.R.Civ.P. 56(c)(1)(A), (B). A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.

This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass 'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir.1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir.2003) (quoting *Anderson*, 477 U.S. at 251-52).

**Implied Contract of Indemnity**

JTO's Cross-Claim against Gray contains only one count - Implied Contract of Indemnity. (ECF DKT #118). Relevant facts include: Under the contract between Gray and the City of Willoughby, Gray was responsible for "permit applications and reviews from various review agencies." (ECF DKT #299-2). Pursuant to the contract, Gray was also required to stake the Riverside Commons site to delineate precise locations for road and sewer construction. *Id*. JTO was awarded the contract to construct an extension and a new road consistent with "specifications and contract drawings." (ECF DKT #299-7). Gray took part in discussions about the road design and JTO's proposals upon encountering new site conditions. (ECF DKT #299-9 and #299-10). JTO needed Gray's approval for any deviation from the original plans. *Id*. In light of these facts, JTO contends that it would have avoided any identified wetlands areas during construction and would have taken precautions to ensure that the wetlands remained undisturbed. Gray's failure to delineate wetlands on the site resulted in harm to environmentally protected areas and led to JTO's potential liability.

The right to indemnity arises from contract, express or implied. *Henry v. Consol. Stores Internatl. Corp.*, 89 Ohio App.3d 417, 421 (1993), citing *Travelers Indemn. Co. v. Trowbridge*, 41 Ohio St.2d 11 (1975)( paragraph two of the syllabus).

For indemnification to apply, in the absence of an express contract, there must be some identifiable relationship between the primary and secondary actors. Under Ohio law,

when a person is secondarily liable *due to his relationship* to another party, he may recoup damages he paid to the injured party from the one who is actually at fault and caused the injuries. *Globe Indemnity Co. v. Schmitt*, 142 Ohio St. 595 (1944).

In Ohio, "[i]mplied contracts of indemnity are reserved for those 'situations involving related tortfeasors, where the one committing the wrong is so related to a secondary party as to make the secondary party liable for the wrongs committed *solely* by the other.'" (Emphasis added). *Motorists Mut. Ins. Co. v. Huron Rd. Hosp.*, 73 Ohio St.3d 391, 394 (1995) (quoting *Reynolds v. Physicians Ins. Co. of Ohio*, 68 Ohio St.3d 14, 16 (1993)). An implied contract for indemnity exists "only within the context of a relationship wherein one party is found to be vicariously liable for the acts of a tortfeasor." *Wagner-Meinert, Inc. v. EDA Controls Corp.*, 444 F.Supp.2d 800, 804 (N.D.Ohio 2006) (quoting *Indiana Ins. Co. v. Barnes*, 2005 WL 3304021, *3)). "[O]ne must be merely passively negligent to have a right to indemnification." *Whitney v. Horrigan*, 112 Ohio App.3d 511, 515 (10th Dist. 1996). In Ohio, relationships in which courts have found implied indemnity contracts include: wholesaler/retailer, abutting property owner/municipality, independent contractor/employer and master/servant. *Motorists Mut.*, 73 Ohio St.3d at 394.

JTO argues that these listed relationships are by no means exclusive, and that its relationship with Gray fits the situation in which implied indemnification applies. JTO insists that by designing the plans and staking the Riverside Commons site, Gray "directed" JTO's work; that JTO and Gray were in frequent communication; and that JTO relied upon Gray's plans for every aspect of the project. Upon review of the evidence submitted by JTO, the Court finds that the testimony of Seng Leong Tan, a principal with JTO, belies JTO's

characterization of the dealings with Gray.  Speaking of Gray's representative, Tan testifies:

> We - - I mean, we met at the - - I think at the pre-con meeting - - pre-
> construction meeting - - I think he was there, met him when the job was done.
> We don't really see him - - he doesn't get involved with the project that much.
> (Tan Deposition, ECF DKT #299-11 at 3).

Even if the Court were to find that there is a sufficient relationship between Gray and JTO for implied indemnity, the Court cannot accept that JTO was only a passive participant.  Gray was not the sole wrongdoer; and JTO is not merely vicariously liable for Gray's actions under these facts.

The Court holds that reasonable minds could come to but one conclusion — in the context of whether implied indemnification exists, JTO was *actively* involved in the conduct impacting the wetlands on the Riverside Commons site.  Therefore, Gray's Motion for Summary Judgment on JTO's Cross-Claim is granted.

**Contribution**

Midway asserts a Cross-Claim against Gray (ECF DKT #108) for Contribution; and Osborne, Sr. and Madison jointly assert their Cross-Claim against Gray (ECF DKT #111) also sounding in Contribution.  Pursuant to Ohio Revised Code Section 2307.25, "if one or more persons are jointly and severally liable in tort for the same injury or loss to person or property . . . there may be a right of contribution."

Midway is the fee simple owner of certain portions of real property located at the Riverside Commons site.  (ECF DKT #108, ¶ 7).  Madison/Route 20, LLC is also the fee simple owner of certain portions of real property at Riverside Commons.  Richard Osborne, Sr. is a principal of Madison.  (ECF DKT #111, ¶¶ 7-8).

In their opposition to Gray's Motion for Summary Judgment, Osborne, Sr. and

Madison contend "that Gray had contractual obligations, without limitation, to acquire necessary permits for the construction of two roads at the Riverside Commons Site, including wetland permits." Further, they argue that "Gray had knowledge of potential wetlands, and specific knowledge of the overlap between potential wetlands and the planned roads." Thus, they conclude that there is "a dispute of material fact as to whether Gray acted negligently by not taking any action related to permits necessary for road construction activity that could have impacted wetlands." (ECF DKT #311 at 2).

Midway did not file any opposition to Gray's Motion. Local Rule 7.1(g) authorizes the Court to "rule on unopposed motions without hearing at any time after the time for filing an opposition has expired." Pursuant to Local Rule 7.1(d), "each party opposing a motion must serve and file a memorandum in opposition within thirty (30) days after service of any dispositive motion." The district court's power to grant dispositive motions because they are unopposed is firmly settled. *Demsey v. R.J. Reynolds Tobacco Co.*, 2005 WL 1917934, *2 (N.D.Ohio 2005); *Peacock v. Bayview Loan Serv.*, 2005 U.S. Dist. LEXIS 10276, *9-10 (N.D.Ohio 2005) (both citing to *Cacevic v. City of Hazel Park*, 226 F.3d 483, 492 (6th Cir.2000)). A party's continuing "failure to respond" may be deemed a "confession" to the motion's merit. *Cacevic, id.* Any further review by this Court would be an inefficient use of the Court's limited resources. *Thomas v. Arn*, 728 F.2d 813 (6th Cir.1984), aff'd, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Osborne, Sr. and Madison seemingly conflate legal principles when they argue that Gray may have been *negligent* in failing to acquire the permits required by the *contract* with

the City of Willoughby. The Court does not accept their argument.

> Under Ohio law, 'each contract contains a common law duty to perform the contract with care, skill, reasonable expedience and faithfulness.' *Dana Ltd. v. Aon Consulting, Inc*., 984 F.Supp.2d 755, 767 (N.D.Ohio 2013) (quoting *Wells Fargo Bank, N.A. v. Fifth Third Bank*, 931 F.Supp.2d 834, 840 (S.D.Ohio 2013)). But this duty only 'describes how a party is to perform its contractual obligations, i.e., it does not establish a duty independent of the contract.' *Id.*

Gray's obligations regarding acquiring permits arose out of contract; no independent tort exists.

Also, the Court notes that the Clean Water Act and Ohio's related provisions are strict liability statutes. *Kelly v. EPA*, 203 F.3d 519, 522 (7th Cir.2000). Whether violations are willful or negligent does not bear upon liability; rather, the culpable state of the violator is relevant to the amount of the civil penalty. *United States v. Winchester Municipal Utilities*, 944 F.2d 301, 304 (6th Cir.1991).

Thus, the Court finds that Gray, Madison, Osborne, Sr. and Midway cannot be joint tortfeasors as a matter of law. Contribution is not available.

The Court considers Midway's failure to file an Opposition Brief to be a "confession" to Gray's Summary Judgment Motion's merit. In addition, Osborne, Sr. and Madison have failed to demonstrate that there is a genuine issue of material fact as to their entitlement to a contribution claim and they have failed to satisfy their burden of proof as to the elements of their sole cause of action against Gray.

### **III. CONCLUSION**

For all these reasons, the Motion (ECF DKT #281) of Third-Party Defendant, William

R. Gray Associates, Inc. ("Gray"), for Summary Judgment on Cross-Claims of JTO, Inc., Midway Industrial Campus, Ltd., Richard M. Osborne, Sr. and Madison/Route 20, LLC is granted.

**IT IS SO ORDERED.**

                                          **s/ Christopher A. Boyko**
                                          **CHRISTOPHER A. BOYKO**
                                          **United States District Judge**

**Dated:  March 20, 2017**