UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:11CV1029 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| RICHARD M. OSBORNE, SR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #282) of Third-Party Defendant, William R. Gray Associates, Inc. ("Gray"), for Summary Judgment on Third-Party Complaint.  For the following reasons, the Motion is granted in part as to Count Three – Professional Malpractice – of Defendant City of Willoughby's Third-Party Complaint, but denied as to the remaining Counts.

**I. FACTUAL BACKGROUND**

This action was brought by the United States, under section 309(b) and (d) of the Clean Water Act ("CWA"), and by the State of Ohio, under Ohio Revised Code Chapter 6111, against Richard M. Osborne, Sr., individually and as Trustee of the Richard M. Osborne Trust; Madison/Route 20, LLC; Midway Industrial Campus Company, Ltd.; Naylor Family Partnership; JTO, Inc.; and the City of Willoughby, for discharging pollutants (i.e., dredged or fill material) from the Riverside Commons real estate development site in Lake County into the waters of the United States and the State of Ohio, without a prior permit.

Gray is a civil engineering firm, with its principal place of business in Lake County,

Ohio.  On or about March 27, 2002, the City of Willoughby and Gray entered into a contract whereby Gray agreed to provide engineering services for the construction of an extension to Apollo Parkway and the creation of a new road to be named Riverside Commons Drive, along with sewer and utility improvements, as part of the development of the 280-acre Riverside Commons Site.

On August 9, 2011, the City of Willoughby brought Gray into this action as a Third-Party Defendant (ECF DKT #34), asserting that Gray breached its contract with the City, requesting indemnification and alleging professional malpractice.

Gray now moves for summary judgment in its favor.  Gray argues that it had no responsibility for any wetlands issues associated with the project and that no obligation regarding wetlands appears in the contract with the City of Willoughby.  Further, Gray contends that since the City of Willoughby cannot establish that Gray had any duty with respect to wetlands issues, Willoughby's indemnification claim must fail.  Lastly, because the City cannot establish that Gray's conduct fell below the standard of care for engineering services and because the statute of limitations expired long before the commencement of this lawsuit, Gray is entitled to judgment on the professional negligence claim.

## II. LAW AND ANALYSIS

### Fed.R.Civ.P. 56 Standard of Review

Summary judgment shall be granted only if  "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  *See* Fed.R.Civ.P. 56(a).  The burden is on the moving party to conclusively show no genuine issue of material fact exists.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986);

*Lansing Dairy. Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir.1994).  The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  *See* Fed.R.Civ.P. 56(c)(1)(A), (B).  A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim.  *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.

This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact.  *Betkerur v. Aultman Hospital Ass 'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir.1992).  The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment.  *Celotex*, 477 U.S. at 323.  Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Amway Distributors Benefits Ass 'n v. Northfield Ins. Co.*, 323

F.3d 386, 390 (6th Cir.2003) (quoting *Anderson*, 477 U.S. at 251-52).

**Breach of Contract**

The Agreement for Engineering Services (Riverside Commons) was executed by Gray and the City of Willoughby, effective March 27, 2002. (ECF DKT #34-1). Pursuant to Article 1 - Services of the Engineer, "[t]he Engineer shall provide Basic and Additional Services set forth in Exhibit "A"." In Article 6, at subsection 6.01 (C): "The Engineer shall perform or furnish professional engineering and related services in all phases of the Project to which this Agreement applies. The Engineer shall serve as the City's prime professional for the Project." In Exhibit "A", Basic Services under Commercial Development Plans and Industrial Development Plans include: "**Permit Applications and Reviews from various review agencies**." (Emphasis added).

In Count One – Breach of Contract – of Willoughby's Third-Party Complaint (ECF DKT #34), the City alleges:

> 13. By failing to apply for permits to construct the Roads through potentially protected wetlands, Gray breached its Contract with the City.
>
> 14. As a professional engineering firm, Gray knew or should have known that permits were required to construct the Roads through potentially protected wetlands, and knew or should have known that the consequences of constructing improvements through wetlands without first obtaining permits from appropriate state and federal agencies may be the removal of the improvements and the assessment of civil penalties.

Gray argues that wetlands work was not included in the Willoughby-Gray Contract and therefore, Gray did not fail to fulfill any obligation regarding wetlands. (ECF DKT #282 at 11). In fact, Gray contends that any wetlands work was the obligation of Osborne, Jr. and the developers.

Looking at Exhibit "A" to the Contract, Gray asserts: "These provisions in the Willoughby-Gray Contract called for Gray to apply for "<u>various</u>" permits – not <u>all</u> permits – necessary for the Riverside Commons Site." *Id*.  Essentially, Gray contends that the "intent of the parties could not be more clear."  That is, wetlands permits were not included in the Engineer's scope of work and the Court should not read such an obligation into the Contract where none exists.

"Contract terms are to be given their plain and ordinary meaning." *Lager v. Miller-Gonzalez*, 120 Ohio St.3d 47, 49 (2008).  "Ambiguity exists only when a provision at issue is susceptible of more than one reasonable interpretation." *Id*. at 50.  "The purpose of contract construction is to effectuate the intent of the parties." *Kelly v. Medical Life Ins. Co.*, 31 Ohio St.3d 130 ,132 (1987); *Skivolocki v. East Ohio Gas Co.*, 38 Ohio St.2d 244 (1974).  "The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement." *Id*.; *Blosser v. Enderlin*, 113 Ohio St. 121 (1925).

The Court finds that Gray's arguments are without merit.  There is no ambiguity in the contractual provisions at issue.  Gray, as the Engineer on the Riverside Commons Project, was required to perform all professional engineering services in all phases of the Project.  Moreover, Gray was designated the "prime professional," not Osborne, Jr. and the developers.

The listed Basic Services include: "Permit applications and Reviews from various review agencies."  The term "permit applications" is not ambiguous and has a plain and ordinary meaning.  The Court declines to consider Gray's extrinsic evidence, such as a prior agreement with Osborne and deposition testimony.  A court resorts to extrinsic parol evidence only where the parties' language is unclear.  *Blosser*, 113 Ohio St. at syllabus paragraph two.

The adjective "various," despite Gray's assertion to the contrary, modifies the review agencies, not the permits. The phrase regarding permits has no restrictions. The Court interprets the plain meaning of permits to incorporate *all* permits necessary to the Project, including wetlands permits.

The Court must discern the parties' intent from the language they use. Gray is a sophisticated business entity that is capable of negotiating the terms of its agreements. Had Gray wanted to insure that its obligations excluded any wetlands delineations, it could have drafted the relevant contract provisions that way. It did not.

Therefore, Gray's Motion for Summary Judgment on Count One of Willoughby's Third-Party Complaint is denied.

**Indemnification**

Article 6, subsection 6.10(A) of the Contract (ECF DKT #34) recites:

> To the fullest extent permitted by law, the Engineer shall indemnify and hold harmless the City, the City's agents, directors, and employees from and against any and all costs, losses, and damages (including but not limited to all fees and charges of engineers, architects, attorneys, and other professionals, and all court or arbitration or other dispute resolution costs) caused solely by the negligent acts or omissions of the Engineer or the Engineer's officers, directors, partners, employees, and the Engineers' Consultants in the performance and furnishing of the Engineer's services under this Agreement.

In Count Two of the Third-Party Complaint, Willoughby reiterates the Indemnification Clause and alleges that it was Gray's sole responsibility to apply for permits for construction of the roads on the Riverside Commons site, including permits to make improvements on potentially protected wetlands. To the extent the City is held liable for remediation, Willoughby alleges that Gray is liable to indemnify and hold the City harmless for costs engineering fees, interest on the bonds sold to finance the construction, costs of

-6-

removal and any civil penalties. (ECF DKT #34, ¶ 22).

The right to indemnity arises from contract, express or implied. *Henry v. Consol. Stores Internatl. Corp.*, 89 Ohio App.3d 417, 421 (1993), citing *Travelers Indemn. Co. v. Trowbridge*, 41 Ohio St.2d 11 (1975)(syllabus ¶ 2).

The Willoughby-Gray Contract contains the above-quoted indemnification clause which requires Gray to indemnify the City for losses resulting from Gray's negligent acts or omissions. However, in its Motion, Gray insists that Willoughby is not entitled to indemnification as a matter of law because Willoughby cannot establish the existence of a duty or breach of that duty with respect to wetlands issues.

Gray repeats its contention that the Contract does not make Gray responsible for obtaining wetlands permits. Moreover, Gray cites to deposition testimony of individuals such as James Sayles, the City Engineer, and Richard Osborne, Jr., to demonstrate that Gray had no responsibility for wetlands permits. Gray states that the record is replete with evidence that it owed no duty to Willoughby, or to anyone, to address wetlands issues.

This Court has already determined that the Contract places the obligation on Gray to apply for permits, without exception, for the Riverside Commons project. Gray's duty to apply for wetlands permits is clearly found within the four corners of the written agreement, regardless of any testimony to the contrary. Thus, any breach of that duty triggers the additional duty of indemnification.

Gray's Motion for Summary Judgment on Count Two of Willoughby's Third-Party Complaint is, therefore, denied.

**Professional Malpractice**

In Count Three of the Third-Party Complaint, Willoughby alleges that Gray failed to exercise the standard of care of a reasonable professional civil engineer in the performance of its services for the Riverside Commons project.

Gray argues that the Willoughby-Gray Contract did not require Gray to perform any services related to wetlands. Because Willoughby cannot establish that Gray acted negligently with respect to wetland issues, the professional negligence claim fails. However, even if negligence were established, the professional malpractice claim is barred by the statute of limitations.

In *Scott Hutchison Enterprises, Inc. v. Rhodes, Inc*., No. C-1-01-776, 2005 WL 2000661 (S.D.Ohio Aug. 18, 2005), the court considered a professional negligence claim against an engineering firm and the applicable Ohio statute of limitations.

> Ohio courts have held that professional negligence claims are governed by the four-year statute of limitations for general negligence claims found in Ohio Rev. Code § 2305.09(D), which provides that claims "[f]or an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 1304.35, 2305.10 to 2305.12, and 2305.14 of the Revised Code" shall be brought "within four years after the cause thereof accrued." *Hutchison*, 2005 WL 2000661 at *5; *see Investors REIT One v. Jacobs*, 46 Ohio St.3d 176, syllabus ¶ 1(1989) (claims for accountant negligence).

The *Hutchison* court saw no reason to distinguish engineering negligence claims from accounting negligence claims for statute of limitations purposes. *Hutchison*, 2005 WL 2000661 at *5. Furthermore, in *REIT One*, the Ohio Supreme Court held that the four-year statute of limitations commences to run "when the allegedly negligent act was committed." 46 Ohio St.3d at 182; *see also Life Time Fitness, Inc. v. Chagrin Valley Eng'g, Ltd.*, No. 1:13cv566 (N.D.Ohio 12/4/14).

Applying R.C. § 2305.09 to the instant case, the four-year limitations period began, at

-8-

the very latest, when all work at Riverside Commons ceased in December 2004. Willoughby's claim against Gray had to be filed by January of 2009, whereas the Third-Party Complaint was filed on August 9, 2011.

In its Opposition, Willoughby directs the Court's attention to a tolling agreement between the City and Gray (ECF DKT #302-4) which states in pertinent part:

> This will confirm our agreement this morning that to the extent the one-year statute of limitations for professional malpractice in Ohio Revised Code §2305.1 l(A) applies to any claim the City of Willoughby (the "City") may have against William R. Gray Associates ("Gray") arising out of Gray providing engineering services to the City for the construction of Riverside Commons Drive and the extension of Apollo Parkway in Willoughby, Ohio, your client Gray agrees to toll the running of that statute of limitations for such claims until such time as the City resolves its disputes with the U.S. Environmental Protection Agency. This agreement affects no other statutes of limitations or statutes of repose with respect to any claims by the City against Gray.

Willoughby asserts in its Memorandum in Opposition to Summary Judgment (ECF DKT #302) that: "Given the fact that Willoughby has not resolved its dispute with the U.S. Environmental Protection Agency at present, yet filed its Third-Party Claim against Gray in the summer of 2011, it cannot be seriously argued that this claim is barred by the statute of limitations." Id. at 9-10.  However, the Court finds that by its own agreement, Willoughby has conceded that tolling shall ***not*** apply to the statute of limitations found in R.C. § 2305.09, only to R.C. § 2305.11.

Therefore, Willoughby's claim for professional malpractice against Gray is barred by the applicable  applicable statute of limitations.  Gray's Motion for Summary Judgment is granted as to Count Three of the Third-Party Complaint.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #282) of Third-Party Defendant, William R. Gray Associates, Inc. ("Gray"), for Summary Judgment on Defendant City of Willoughby's Third-Party Complaint is granted in part as to Count Three – Professional Malpractice, but denied as to the remaining Counts.

**IT IS SO ORDERED.**

                                              **s/ Christopher A. Boyko**
                                              **CHRISTOPHER A. BOYKO**
                                              **United States District Judge**

**Dated: March 27, 2017**