UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:11CV1029 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| RICHARD M. OSBORNE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This action was brought by the United States, under section 309(b) and (d) of the Clean Water Act ("CWA"), and by the State of Ohio, under Ohio Revised Code Chapter 6111, against Richard M. Osborne, Sr., individually and as Trustee of the Richard M. Osborne Trust; Madison/Route 20, LLC; Midway Industrial Campus Company, Ltd.; Naylor Family Partnership; JTO, Inc.; and the City of Willoughby, for discharging pollutants (i.e., dredged or fill material) from the Riverside Commons real estate development site in Lake County into the waters of the United States and the State of Ohio, without a prior permit.

**I. BACKGROUND**

Defendant Richard M. Osborne, Sr. is an individual residing in Lake County, Ohio,

who planned development of some or all of the real property known as "Riverside Commons," a 280-acre property in the City of Willoughby, Lake County, Ohio, for commercial and industrial use.  Osborne is a principal of Defendant Madison/Route20, LLC and president of Defendant Midway Industrial Campus, Ltd.  Osborne is also the sole Trustee of the Richard M. Osborne Trust.

Madison is a limited liability company organized and existing under the laws of the State of Ohio, and is the fee simple owner of a portion of the Riverside Commons Site.

Midway is a limited liability company, organized and existing under the laws of the State of Ohio, that owns several parcels of property at Riverside Commons.

Defendant Naylor Family Partnership is a general partnership, organized under the laws of the State of Ohio, which holds a one-third membership ownership in Midway and owns one or more parcels of property at Riverside Commons.

Defendant JTO, Inc. is a corporation, organized under the laws of the State of Ohio, which conducts business in Mentor, Lake County, Ohio.  JTO is a general contractor that entered into a contract, in March of 2002, with Defendant City of Willoughby for the construction of the Apollo Parkway extension and the creation of Riverside Commons Drive, along with sewer and utility improvements.

Plaintiffs and Defendants have filed dispositive motions.  From the outset of this litigation, the parties agreed to bifurcate the issues of liability and damages and to address liability first.  (ECF DKT #41).

## II. LAW AND ANALYSIS

**Fed.R.Civ.P. 56 Standard of Review**

Summary judgment shall be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed.R.Civ.P. 56(a). The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy. Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir.1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Fed.R.Civ.P. 56(c)(1)(A), (B). A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.

This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass 'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir.1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute,"

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass 'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir.2003) (quoting *Anderson*, 477 U.S. at 251-52).

**Federal claims and applicable law**

Plaintiff United States, on behalf of the Environmental Protection Agency, brings this action against Defendants to obtain injunctive relief and/or civil penalties for the discharge of pollutants into waters of the United States without a permit authorized by the United States Department of the Army.

33 U.S.C.A. § 1362(5) defines "person" as "an individual, corporation, partnership, association, State, municipality, commission, or political subdivision of a State, or any interstate body."

33 U.S.C.A. § 1362(6) defines "pollutant" as "dredged spoil, solid waste, incinerator residue, sewage, garbage, sewage sludge, munitions, chemical wastes, biological materials, radioactive materials, heat, wrecked or discarded equipment, rock, sand, cellar dirt and industrial, municipal, and agricultural waste ***discharged into water***." (Emphasis added).

33 U.S.C.A. § 1362(7) defines "navigable waters" as "***the waters of the United States***, including the territorial seas." (Emphasis added).

33 U.S.C.A. § 1362(12) defines "discharge of a pollutant" and "discharge of

pollutants" each as "(A) *any addition of any pollutant to navigable waters from any point source ..."* (Emphasis added).

33 U.S.C.A. § 1362(14) defines "point source" as "any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit, well, discrete fissure, container, rolling stock, concentrated animal feeding operation , or vessel or other floating craft, from which pollutants are or may be discharged."

33 U.S.C.A. § 1362(16) states that "discharge when used without qualification includes a discharge of a pollutant, and a discharge of pollutants."

Plaintiff United States acknowledges that a prima facie claim for liability under the CWA requires a showing of five elements: "that a Defendant is (1) a person who is responsible for (2) the addition of a pollutant (3) from a point source (4) into waters of the United States (5) without a permit."  (ECF DKT #289-1).

**Ohio claims and applicable laws**

Plaintiff State of Ohio brought its First Amended Complaint (ECF DKT #192) against Defendants for violations of Ohio Revised Code ("R.C.") Chapter 6111 due to development and construction activities occurring on property located southeast of Lost Nation Road and State Route 2, in the Cities of Mentor and Willoughby, Lake County, Ohio.

R.C. § 6111.04 prohibits any person from causing pollution or causing to be placed any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any *waters of the State*, except in compliance with a valid, unexpired permit.  (Emphasis added).  (ECF DKT #192 at ¶ 23).

R.C. § 6111.01(A) defines "pollution" as "the placing of any sewage, sludge, sludge

-5-

materials, industrial waste, or other wastes in any *waters of the state*."

R.C. § 6111.01(H) defines "waters of the state" as "all streams, lakes, ponds, marshes, watercourses, waterways, wells, springs, irrigation systems, drainage systems, and other bodies or accumulations of water, surface and underground, natural or artificial, regardless of the depth of the strata in which underground water is located, that are situated wholly or partly within, or border upon, this state, or are within its jurisdiction, except those private waters that do not combine or effect a junction with natural surface or underground waters."

R.C. § 6111.01(I) defines "person" as "the state, any municipal corporation, any other political subdivision of the state, any person as defined in section 1.59 of the Revised Code, any interstate body created by compact, or the federal government or any department, agency, or instrumentality thereof."

**Dispositive Motions**

Plaintiff State of Ohio moves (ECF DKT #283) for judgment in its favor against JTO, Willoughby, Midway, Madison and Osborne, Sr.; and asserts that there is no genuine issue of material fact as to their liability. Defendants Osborne, Sr. and Madison have submitted an alternative Motion (ECF DKT #312) to Deny or Delay Summary Judgment Pursuant to Civ.R. 56(d) with supporting affidavit, because whether the wetlands at issue here constitute "waters of the state" can only be established by expert testimony and expert discovery has not yet been undertaken in this case.

Defendant Willoughby seeks summary judgment (ECF DKT #286) in its favor against the United States and argues that there is no genuine issue that it did not violate the CWA.

Plaintiff United States moves (ECF DKT #287 & #289) for partial summary judgment

that each one of Defendants Midway, Madison, Willoughby, JTO and Osborne, Sr. is a person responsible for the addition of pollutants into specified violation areas from point sources in violation of the CWA. Throughout its briefing, the United States maintains that the Court should not adjudicate the existence of wetlands and waters of the United States until the parties have an opportunity to conduct expert discovery. (*See e.g.*, ECF DKT #306).

The Court holds that it cannot determine liability under either the United States' or the State of Ohio's Complaint without finding that "waters of the United States" and "waters of the State" existed on the Riverside Commons Site and were impacted by the conduct of Defendants. The Court further holds that "waters of the United States" and "waters of the State" are integral and indivisible parts of the required elements of both Plaintiffs' claims.

Pursuant to the CWA, the definition of "pollutant" includes "discharged into water." A "discharge" of a pollutant or of pollutants means "any addition of any pollutant to navigable waters." "Navigable waters" means the "waters of the United States." 33 U.S.C.A. § 1362.

Likewise, the statutes, under which Plaintiff State of Ohio proceeds, create liability when a person causes pollution; and pollution means placing sewage, sludge, sludge materials, industrial waste, or other wastes in any "waters of the state." R.C. § 6111.01, *et seq*.

The Court does not see the utility or benefit to ruling on only one, or maybe two of the *elements* of Plaintiffs' claims, such as whether Defendants are "persons" under the applicable statutory schemes. Further, the Court agrees that whether areas of the Riverside Commons Site are protected wetlands and thus, "waters of the United States" and/or "waters of the

State" is an issue beyond a lay person's understanding that can only be established with the assistance of expert opinions.

Therefore, Motions (ECF DKT ## 283, 286, 287 & 289) are denied and Defendant Osborne, Sr.'s Motion pursuant to Rule 56(d) is granted.  The above-captioned matter will proceed with the expert discovery process.

**Motions of Defendant JTO**

JTO moves for judgment in its favor on the claims asserted by the United States. (ECF DKT #291).  JTO contends that the United States is not entitled to the two types of relief it seeks from JTO, that is:  (1) an injunction to restore the Site and/or conduct off-site mitigation and (2) an injunction requiring compliance with the CWA.

JTO also moves for summary judgment against the State of Ohio.  (ECF DKT #293). JTO argues that the State of Ohio is not entitled to the relief requested from JTO, that is: (1) a civil penalty; (2) an injunction to remove all dredged or fill material placed in the waters of the State and restore wetlands at the Site; and (3) an injunction mandating compliance with the CWA and Ohio's water pollution laws.

The Court sees no reason to analyze the merits of JTO's position because the parties agreed to bifurcate the within litigation and to address the liability issue before damages. Moreover, in the framework of CWA and Ohio Pollution enforcement cases, the Court does not determine the propriety and scope of any available remedies until liability is established. It would be premature for the Court to rule on the validity of Plaintiffs' proposed relief.  In fact, it teeters dangerously close to an advisory opinion for the Court to issue such a determination unless and until an individually-named Defendant is found liable.

JTO's Motions for Summary Judgment (ECF DKT #291 & #293) are denied.

**Motion of Naylor Family Partnership**

Defendant Naylor Family Partnership moves for summary judgment on the Complaint of Plaintiff United States of America and the First Amended Claims of Re-aligned Plaintiff State of Ohio. (ECF DKT #279). In support, Defendant submits the Declaration of Robert Naylor, the Assistant Managing Partner for the Naylor Family Partnership. (ECF DKT #279-1). Robert Naylor declares in pertinent part:

> Although it received periodic updates on the progress of the project managed by Midway, the Naylor Family Partnership has not exercised any managerial control over Midway or had any involvement whatsoever in the day-to-day development activities of Midway. The Naylor Family Partnership did not backfill, or place any fill or other material into wetlands, destroy, remove trees or vegetation, or place any pollutant or other material into wetlands, of the United States of America or the State of Ohio, or engage in any of [sic] activities alleged in the Complaint filed in this matter by the United States of America or the Cross-Claim filed by the State of Ohio. Moreover, the Naylor Family Partnership was not asked about, consulted with, nor did it approve and/or ratify any development activity conducted at the real property titled to Midway. *Id*. at ¶ 10.

In its Opposition (ECF DKT #305), the United States says: "The United States is not pursuing any claim under federal law that the Partnership is liable for the unlawful acts on its property, or that the Partnership should be responsible under federal law for remedying the damages done on its property." *Id*. at 2. Nevertheless, the United States believes that an order completely dismissing the Partnership from this case could frustrate the Court's ability to award complete relief. The Partnership should remain a party so as to ensure access to the real property at some later stage. *Id*. at 7, 8.

As for the State of Ohio, although its claim under R.C. § 6111.04(A) requires the State

to establish that the Naylor Family Partnership caused pollution or caused sewage, ..., industrial waste, or other wastes to be placed in waters of the State without a permit, Plaintiff State of Ohio provides no evidence of such conduct. The State of Ohio does proffer evidence through Robert Naylor's deposition, of the Partnership's knowledge of development activities, such as receiving communications about the Midway development; being advised of construction of roads on the site; knowledge of re-zoning; and early conversations with Osborne about wetlands at the site. (ECF DKT #303 at 9).

Construing this testimony in Ohio's favor, there is still no genuine issue of material fact created as to the Partnership's knowledge of illegal filling or placing of polluting materials into any waters of the State of Ohio which could sustain a claim of strict liability under the relevant statutes. The Court, moreover, will not accept the State of Ohio's proposal that it "expects that discovery will aid in determining the details of the partnership's role." (ECF DKT #303 at 7). Fact discovery is closed in this case.

The Court finds that Defendant Naylor Family Partnership is entitled to summary judgment in its favor as to the Complaint of the United States and as to the First Amended Claims of the State of Ohio. This ruling is partial only, though, pursuant to the commitment made by the Partnership itself in its Reply Memorandum (ECF DKT #317 at 5):

> Nevertheless, should the Court enter summary judgment in its favor, the Partnership has no objection to remaining a party until the Court determines whether to grant equitable relief. In fact, the Partnership is prepared to offer expert testimony on the extent of and category of any wetlands on its 38-acre parcel, and the scope of any restoration that may be required on its property, at an appropriate time.

### III. CONCLUSION

For these reasons, the Motions for Summary Judgment (ECF DKT ## 283, 286, 287 &

289) are denied. Defendant Osborne, Sr.'s Alternative Motion to Deny or Delay Summary Judgment Pursuant to Rule 56(d) is granted. Defendant JTO's Motions for Summary Judgment (ECF DKT #291 & #293) are denied. The Motion (ECF DKT #279) of Defendant Naylor Family Partnership for Summary Judgment on the Complaint of Plaintiff United States of America and the First Amended Claims of Re-aligned Plaintiff State of Ohio is granted, with the proviso that Naylor Family Partnership agrees to remain a party in order to ensure access to its property should equitable relief be ordered at the close of this case.

In light of these rulings, the above-captioned matter shall proceed with the expert discovery process. The parties, therefore, are ordered to file a stipulated, proposed expert discovery schedule on or before April 17, 2017.

**IT IS SO ORDERED.**

                                    s/ Christopher A. Boyko
                                    **CHRISTOPHER A. BOYKO**
                                    **United States District Judge**

**Dated: March 27, 2017**